■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD HELLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 28, 1985, convicting him of grand larceny in the second degree, (four counts) and scheme to defraud in the second degree, upon a jury verdict, and imposing sentence. The defendant's notice of appeal dated March 27, 1985 has been treated as a premature notice of appeal from the judgment rendered March 28, 1985.

Judgment affirmed. The defendant's attorneys, as escrowees pursuant to this court's order of April 22, 1985, are directed to pay the funds held in escrow to the Department of Probation. The defendant is directed to resume making restitution in accordance with the judgment rendered March 28, 1985.

The criminal action against the defendant was commenced by the filing of an indictment against the defendant and the codefendant Spencer Lader on January 10, 1983 *(see, People v Osgood,* 52 NY2d 37). The People announced their readiness on this indictment on June 16, 1983. The original indictment was subsequently superseded by a second indictment which charged Heller, as the sole defendant, with the same crimes which were the subject of the first indictment. The People announced that they were ready for trial on this superseding indictment on July 21, 1983. The trial did not begin until January 10, 1985.

The defendant contends that the action should have been dismissed because the People failed to comply with CPL 30.30. The defendant raises two principal arguments: first, the statement of readiness on June 16 was invalid because readiness on an indictment cannot survive its dismissal and then attach to an indictment not in existence at the time of the announcement of readiness; and second, none of the adjournments caused by defense motions should be excluded from the CPL 30.30 time computation without proof that the motions actually caused the People's lack of readiness.

We disagree with both of these contentions. CPL 30.30 is concerned not with readiness on a particular accusatory instrument but with readiness in a criminal action. The continuity of a criminal action remains intact, even through the issuance of successive indictments *(see, People v Lomax,* 50 NY2d 351, 356). Numerous decisions of both the Court of Appeals and this court indicate that the replacement of one accusatory instrument by another involving the same crimes does not affect time computations under CPL 30.30 *(see, e.g., People v Sinistraj,* 67 NY2d 236; *People v Lomax, supra; People v Osgood,* 52 NY2d 37, *supra; People v Garfinkel,* 112 AD2d 949; *People v Buckmon,* 109 AD2d 846). We therefore find that the People were ready for trial on June 16, which was within six months after the commencement of the action.

Even if we were to accept the defendant's argument that the People's announcement of readiness did not occur until July 21, 1983, we would still find that the announcement was timely due to the exclusion of the periods of time required for the submission and resolution of the defendant's pretrial motions. There is no requirement that the People demonstrate that the defendant's motions actually caused the People's lack of readiness before such periods are excluded pursuant to CPL 30.30 (4) (a) *(see, People v Worley,* 66 NY2d 523). At most, the following periods would be charged to the People: January 10,

1983 to February 15, 1983, May 26, 1983 to June 16, 1983 and June 22, 1983 to June 24, 1983, a total of 59 days. This is well within the six months permitted by CPL 30.30 (1) (a).

The defendant also contends that certain periods of delay occurring after the announcement of readiness should be charged to the People. These periods were caused by the People's delay in responding to the defendant's requests for certain *Brady* material. However, delays caused by discovery proceedings do not justify dismissal of an indictment *(see, People v Anderson,* 66 NY2d 529). The People may be charged only with the following periods: September 8, 1983 to October 11, 1983, April 6, 1984 to April 30, 1984 and August 31, 1984 to September 17, 1984, a total of 74 days. It is apparent that dismissal of the indictment was not warranted.

Further, we find that there was sufficient evidence to prove beyond a reasonable doubt that the defendant was guilty to grand larceny in the second degree by false pretenses and scheme to defraud in the second degree *(see, People v Churchill,* 47 NY2d 151; *People v Luongo,* 47 NY2d 418) and that nothing said in the prosecutor's opening statement was so prejudicial as to deny the defendant a fair trial *(see, People v De Tore,* 34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025). Niehoff, J. P., Eiber, Kunzeman and Spatt, JJ., concur.