THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MARK CADE, Respondent.

Second Department, August 29, 1988

**APPEARANCES OF COUNSEL**

*John J. Santucci, District Attorney (Andrew Zwerling* of counsel), for appellant.

*Kenneth Reiver* for respondent.

**OPINION OF THE COURT**

BROWN, J.

We conclude on this appeal, *inter alia,* that a prosecutor's

request to a Grand Jury to void its vote prior to the filing of an indictment is, for all intents and purposes, a withdrawal of the case from the Grand Jury's consideration and, hence, constitutes a dismissal under *People v Wilkins* (68 NY2d 269, 996) such that the case may only be resubmitted to the same or another Grand Jury with the permission of the court (CPL 190.75 [3]).

The record indicates that the defendant was arrested on June 11, 1987, and charged with the July 1985 shotgun killing of one Darryl Richardson. The defendant was linked to the slaying by both ballistics evidence and by the fact that he and the victim had been seen together shortly before the victim's death. The People presented the case to the Grand Jury over a two-day period, to wit, on April 1, 1987, and, on April 3, 1987, and, on the latter date, at the conclusion of the presentation and after being charged with respect to the crimes of murder in the second degree and criminal possession of a weapon in the second degree, the Grand Jury voted a true bill as to both counts. However, no indictment was filed with the court (CPL 190.65 [3]).

Thereafter, on April 9, 1987, the prosecutor asked the Grand Jury to void its earlier vote for the purpose of allowing him to present additional testimony. He informed the Grand Jurors that at the conclusion of the additional testimony, he would instruct them anew and ask for a new vote. The additional evidence presented consisted of 1½ pages of testimony by another prosecutor to the effect that she had questioned the defendant on another occasion, at which time he had stated that a shotgun which had been taken from his apartment had been located there for approximately 6 months to 1 year and that he had not loaned or given it to anyone during that period. The prosecutor then recharged the Grand Jury on murder in the second degree and criminal possession of a weapon in the second degree, after which it voted a second true bill as to both counts. On April 23, 1987, the second true bill was filed.

In the order appealed from, the Supreme Court, Queens County, granted that branch of the defendant's omnibus motion which was to dismiss the indictment with leave to the People to resubmit the matter to another Grand Jury. The court found that the People had effectively withdrawn the case from the Grand Jury's consideration after the first true bill had been voted, an action equivalent to a dismissal thereof, and, therefore, that the court's permission was re-

quired in order to resubmit the case (CPL 190.75 [3]). Additionally, the court found that there was no indication that a quorum of the members of the Grand Jury who had heard the initial presentation were present during the renewed presentation, nor did it appear that those members of the Grand Jury who were not present at the initial presentation were instructed not to vote following the additional presentation. We agree.

At the outset, we would reiterate the fundamental, but ofttimes overlooked, principle that Grand Juries exist by virtue of our State Constitution and the superior court which impanels them. They are not arms or instruments of the District Attorney (NY Const, art I, § 6; CPL 190.05; *Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe*, 50 NY2d 14). The manner in which the Grand Jury functions and its procedures and its duties are carefully defined by statutory provisions which are to be strictly construed *(see, Matter of June 1982 Grand Jury of Supreme Ct. of Rensselaer County*, 98 AD2d 284). The Grand Jury, after hearing and examining the evidence presented to it, is empowered to either indict, direct the filing of a prosecutor's information, direct the prosecutor to request removal to the Family Court, dismiss the charges or submit a Grand Jury report (CPL 190.60). Where a Grand Jury votes to indict (CPL 190.60 [1]), it must, through its foreperson or acting foreperson, file an indictment with the court which impaneled it (CPL 190.65 [3]). Where a Grand Jury votes to dismiss a charge (CPL 190.60 [4]), that charge may not be resubmitted to that Grand Jury or another Grand Jury unless the court authorizes or directs such resubmission (CPL 190.75 [3]).

In this case there was neither the filing of an indictment following the Grand Jury's initial vote nor a vote by the Grand Jury thereafter to dismiss. As the Supreme Court properly found, the prosecutor's action in asking the Grand Jury to rescind its prior vote and receive additional testimony prior to the filing of an indictment was the equivalent of a withdrawal of the case from the Grand Jury and was tantamount to a dismissal.

The Court of Appeals recently explained in *People v Wilkins* (68 NY2d 269, 274, *supra)* that "once a Grand Jury hears evidence in a case presented to it, the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the extent to which the Grand Jury considered the evidence and the charge". The CPL, as noted,

is clear that where the Grand Jury acts to dismiss a case (CPL 190.60 [4]), the prosecutor must seek court authorization to resubmit the case to the same or another Grand Jury (CPL 190.75). And it is equally clear, after *People v Wilkins (supra)*, that once a Grand Jury has heard and considered the evidence in a case, any withdrawal of the case prior to the taking of a vote will be considered tantamount to a dismissal.

The problem at bar is the effect to be given to a prosecutor's withdrawal of the case following a vote, but prior to the filing of an indictment. It is true, as the People argue, that had they waited until an indictment had been filed, the prosecutor could have then sought a superseding indictment without a further court order *(see, People v Rodriguez,* 11 NY2d 279, 285-286; *People v Rosenthal,* 197 NY 394, 401). However, what distinguishes the instant situation is that although the Grand Jury had taken a vote, the foreperson had not yet formally presented the charges to the court as required under CPL 190.65. To permit interference with the Grand Jury by the prosecutor in this manner could lead to precisely the situation which the provisions of CPL 190.75, mandating court authorization for resubmissions, were intended to prevent. As the Court of Appeals indicated in *People v Wilkins (supra,* at 275), recognition of an inherent power of a prosecutor to unilaterally withdraw a case from Grand Jury consideration "would furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but 'open and shut' cases and resubmitting them after further preparation or a more compliant Grand Jury is impaneled".

While we recognize that in this case the Grand Jury had decided to indict and would, in all probability, have filed an indictment, were we to adopt the rule which the People advocate, a prosecutor would, by extension, be permitted to request a Grand Jury to rescind other votes taken after cases had been submitted to them for consideration. If, for example, a Grand Jury voted to direct the prosecutor to file an information in a local criminal court (CPL 190.70), before the formal direction was filed the prosecutor could request that the vote be rescinded and present additional evidence to fortify any deficiencies in his case. This, it seems, is precisely the type of conduct which the Court of Appeals cautioned against in *People v Wilkins (supra).* Thus, even though the prosecutor may have acted in good faith in the instant case, his action was without statutory authority, and amounted to a termination of the original proceeding prior to the formal action of

the Grand Jury which, under *People v Wilkins (supra)* constitutes a dismissal.

The People's reliance on *People v Skrine* (125 AD2d 507) is misplaced. That case dealt with the provisions of CPL 190.50 (5) (a) which specifically provides that a person being investigated by a Grand Jury has a right to appear and testify before that body and that that right may be exercised by giving appropriate notice at any time prior to the filing of the indictment. Thus, in *People v Skrine (supra),* this court held that a defendant's right to appear before the Grand Jury had been violated where he had notified the prosecutor of his intention to testify after a vote had been taken to indict but before the indictment had been filed. While *Skrine* is somewhat analogous to the case at bar, there is no statutory authority akin to CPL 190.50 (5) (a) which would grant the prosecutor the right to introduce additional testimony.

Accordingly, we conclude that once a case has been presented to a Grand Jury and it has voted an indictment, there is no authorization, statutory or otherwise, which would permit the prosecutor to ask that that vote be withdrawn. To so unilaterally interfere with the Grand Jury process, as was the case here, must be deemed a withdrawal of the case from the Grand Jury's consideration and is tantamount to a dismissal *(see, People v Wilkins, supra).*

We would note, in addition, that we agree as well with the Supreme Court that absent evidence that a proper quorum was present and voted at the renewed presentation of the case to the Grand Jury, the indictment is fatally flawed *(see, People v Collier,* 131 AD2d 864, *affd* 72 NY2d 298; *People v Infante,* 124 AD2d 86). The People have chosen to ignore this issue on their appeal.

MOLLEN, P. J., MANGANO and HARWOOD, JJ., concur.

Ordered that the order is affirmed.