■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TRAFICANTE, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 20, 1986, upon a verdict convicting defendant of the crime of escape in the first degree.

Defendant, an inmate trustee in the Ulster County Jail, walked away from the facility on the evening of April 17, 1985. A felony complaint was filed April 19, 1985 charging him with escape in the first degree. Defendant was indicted for that crime on September 12, 1985 and arraigned on September 19, 1985, at which time the People indicated their readiness for trial. Defendant moved to dismiss the indictment on September 23, 1985 upon the ground that he was not afforded an opportunity to testify before the Grand Jury, which motion was ultimately granted on February 7, 1986 upon a finding by County Court that the notice defendant was given of the Grand Jury proceeding was insufficient. County Court granted leave to resubmit and the matter was again presented to a Grand Jury on March 6 and 25, 1986. Defendant was once again indicted for escape in the first degree and was arraigned on the new indictment on April 25, 1986. On May 28, 1986, defendant moved to dismiss the indictment on the ground that he had been deprived of his right to a speedy trial (see, CPL 30.20, 30.30), which motion was denied on June 13, 1986. Following trial, defendant was convicted as charged and was sentenced to a term of 2½ to 5 years' imprisonment.

On this appeal, defendant initially maintains that he was denied a speedy trial and that County Court should have dismissed the indictment on that basis. However, a review of

the papers submitted on defendant's CPL 30.30 motion reveals that they are insufficient to permit determination of the motion without a hearing. The affidavit of defendant's attorney in support of the motion fails to allege the date of commencement of the action or of the People's statement of readiness or any periods of time properly chargeable to the People. The People's affirmation in opposition to the motion affirmatively alleges their statement of readiness at defendant's arraignment in September 1985 and their continued readiness up until the date the indictment was dismissed. It is further alleged that the period of time from defendant's motion to dismiss the indictment on January 10, 1986[1] to the February 7, 1986 decision thereon is chargeable to defendant, but no reference is made to the period of time from defendant's September 23, 1985 *pro se* motion to dismiss to January 10, 1986 or to delays or the People's readiness after February 7, 1986. County Court, rejecting the positions taken by both the People and defendant,[2] determined that the criminal action commenced for CPL 30.30 purposes at the time of either the February 7, 1986 dismissal of the first indictment or the March 27, 1986 filing of the second indictment, found that six months had not elapsed from the commencement of the action and summarily denied the motion on that basis.

As correctly indicated by defendant, the criminal action did commence for purposes of CPL 30.30 with the April 19, 1985 filing of the original felony complaint *(see, People v Sinistaj, 67 NY2d 236, 239; People v Osgood, 52 NY2d 37, 43; People v Lomax, 50 NY2d 351, 356; People v Marsh, 127 AD2d 945, 946-947, lv denied 70 NY2d 650).* The proper procedure in a case such as this, where there are successive indictments involving the same crime, is to make a determination as to the number of days to be charged to the People prior to their valid statement of readiness on the original indictment, subtract

---

1. It appears that following defendant's September 23, 1985 *pro se* motion to dismiss the indictment, his attorney brought an additional motion for the same relief. Although County Court's February 7, 1986 memorandum order granting the motion recites that it considered a January 10, 1986 notice of motion and affidavit in support of the motion and a January 21, 1986 affirmation in opposition, these instruments have not been included in the record on appeal and are not available for our consideration.

2. Defendant has submitted as an exhibit to his reply brief a copy of a *pro se* reply affidavit, allegedly submitted on the CPL 30.30 motion, which properly alleges that the action commenced on April 19, 1985 with the filing of the felony complaint in a local court. Although this affidavit is not part of the record on appeal, the People have not objected to its submission or our consideration of it.

that number from the number of days in the entire speedy trial period, and then subtract from the balance any subsequent period of prosecutorial delay incompatible with their ability to proceed *(see, People v Anderson,* 66 NY2d 529, 536-537; *People v Marsh, supra,* at 947; *People v Heller,* 120 AD2d 612, 613, *lv denied* 68 NY2d 757; *People v Greenwaldt,* 103 AD2d 933). We reject defendant's contention that the statement of readiness was somehow rendered void by virtue of the dismissal of the initial indictment or that the period of time expended in defendant's successful motion to dismiss the indictment should be charged to the People *(see, People v Marsh, supra; People v Heller, supra; People v Buckmon,* 109 AD2d 846).

Since County Court's summary determination of the motion precluded generation of a record adequate for computing the periods of time properly chargeable to the People, both before and after their September 19, 1985 statement of readiness, determination of the appeal must be withheld and the matter remitted for a hearing and appropriate findings *(see, People v Horney,* 99 AD2d 886, 887; *People v Campbell,* 90 AD2d 967, 968).

Finally, County Court did not abuse its discretion in denying defendant's request to charge the affirmative defense of entrapment (Penal Law § 40.05). Despite his claim to the contrary, a review of the record discloses no proof of active inducement or encouragement on the part of a public servant to commit this crime, for the purpose of obtaining evidence against defendant or otherwise *(see,* Penal Law § 40.05; *see also, People v Alwadish,* 67 NY2d 973; *People v Rollova,* 124 AD2d 886, 889, *lv denied* 69 NY2d 716; *People v Bradley,* 112 AD2d 441). Indeed, defendant's own testimony at trial effectively negated the defense.

Decision withheld, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent with this court's decision. Kane, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.

