THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOE
LEGRAND, Defendant.

Supreme Court, Kings County, December 14, 1988

## APPEARANCES OF COUNSEL

*Robert Zuss* for defendant. *Elizabeth Holtzman, District
Attorney (David Brenner* of counsel), for plaintiff.

## OPINION OF THE COURT

LORRAINE S. MILLER, J.

Defendant moves for inspection of the Grand Jury minutes
and for dismissal of the indictment on the ground, *inter alia,*
that it violates *People v Cade* (140 AD2d 99 [2d Dept 1988]).
The defendant is accused of accosting the complainant in an
elevator and forcibly stealing a chain from her neck and
attempting to steal her rings. The People consent to said
inspection, but oppose dismissal.

On August 26, 1988, the District Attorney instructed the
Grand Jury on the law. After the charge, but prior to the
deliberations, one grand juror asked to hear a charge on
criminal possession of stolen property. The prosecutor declined
to so charge and directed the jury to only consider the robbery
in the second degree, indicating that "there may be a time
when I may ask you to consider other charges." After comple-

tion of deliberations the Grand Jury voted a "true bill" with regard to the single count of robbery in the second degree. No indictment was filed.

Three days later, on August 29, 1988, the prosecutor returned to the Grand Jury and requested that the additional charges of attempted robbery in the second degree, assault in the second degree, assault in the third degree and criminal possession of stolen property in the fifth degree be considered. The Grand Jury then deliberated and voted a true bill on these charges. An indictment charging all the crimes voted on the August 26th and August 29th sessions was then filed.

The defense contends that the submission of these additional charges constitutes error under *Cade (supra)* and the indictment should therefore be dismissed. The People contend that the indictment voted on August 26, 1988 was presented in order to keep within CPL 180.80 time limitations. They further contend that the subsequent addition of charges on August 29, 1988 was neither a request to the Grand Jury to void its prior vote nor a withdrawal of the case from their consideration and thereby was not violative of *Cade (supra)*.

The case at bar is one of apparent first impression since no common-law or statutory authority proscribing or permitting the People to add additional charges exists.

In *People v Cade (supra)*, the court held that once a Grand Jury has voted to indict, there is no statutory or common-law authority which permits a prosecutor to unilaterally void the prior vote and present additional evidence. The case at bar is factually distinguishable since the prosecutor did not request the Grand Jury to void its prior vote nor did the prosecutor present new evidence. Nevertheless, this court finds that the basic rationale of *Cade* applies to this case as well—namely, the prosecutor's action was without common-law or statutory authority. Once the Grand Jury votes to indict, it must file the indictment with the court. (CPL 190.65 [3].) *Cade* is quite clear that the Grand Jury is a creature of statute and its procedures and duties are defined by statutory provisions which must be strictly construed, "Grand Juries exist by virtue of our State Constitution and the superior court which impanels them. They are not arms or instruments of the District Attorney (NY Const, art I, § 6; CPL 190.05; *Matter of Additional Jan. 1979 Grand Jury of Albany Supreme Ct. v Doe*, 50 NY2d 14). The manner in which the Grand Jury functions and its procedures and its duties are carefully defined by

statutory provisions which are to be strictly construed *(see, Matter of June 1982 Grand Jury of Supreme Ct. of Rensselaer County,* 98 AD2d 284). * * * Where a Grand Jury votes to indict (CPL 190.60 [1]), it must, through its foreperson or acting foreperson, file an indictment with the court which impaneled it (CPL 190.65 [3])." *(People v Cade, supra,* at 101.) Therefore, once the Grand Jury voted a true bill on the charge of robbery, second degree, an indictment should have been filed. Absent a specific request from the jury to hear additional evidence, charges or recharges, there exists no common-law or statutory authority for the prosecutor to submit additional charges to the Grand Jury prior to the filing of an indictment. Any such submission is a nullity since the Grand Jury no longer had jurisdiction over the matter and therefore, the indictment is fatally defective.

The good-faith attempt of the prosecutor to hastily comply with CPL 180.80 does not furnish a legal excuse which cures the jurisdictional defect. Other prudent methods exist which could have obviated the jurisdictional problem. The most obvious is a complete charge to the Grand Jury in the first instance. Alternatively, a felony hearing could have been conducted in accordance with CPL 180.80. Thirdly, the prosecutor could have filed the original single-count indictment and sought a superseding indictment at a later time (CPL 200.80).

For the foregoing reasons, the indictment is dismissed with leave to re-present. The defendant is held pursuant to CPL 210.45 (9).