THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v JOHN ESPOSITO, Defendant.

Supreme Court, New York County, January 10, 1989

### APPEARANCES OF COUNSEL

*Peter L. Maroulis* for defendant. *Charles J. Hynes, Special Prosecutor (Carol B. Hafer* of counsel), for plaintiff.

### OPINION OF THE COURT

FELICE K. SHEA, J.

The question presented by this defense motion to dismiss an indictment is: can the prosecutor, after a Grand Jury votes to indict, ask the Grand Jury to withdraw its vote in order to give additional legal instructions?

The prosecution presented evidence to the Grand Jury in this matter from March 3, 1988 through June 22, 1988. On June 22, 1988 the Grand Jury received instructions on the law and voted an indictment that was not filed. On July 7, 1988

the prosecutor asked the Grand Jury to reopen the matter and withdraw the indictment to permit the prosecutor to give additional legal instructions. After the prosecutor informed the grand jurors that he considered the indictment invalid because his instructions had been incomplete, the Grand Jury voted to withdraw the indictment, the prosecutor reinstructed the grand jurors, and the grand jurors voted to return a second indictment identical to the one withdrawn.

In *People v Cade* (140 AD2d 99, 103, *mot for rearg granted and original determination adhered to* 145 AD2d 565), decided subsequent to the filing of this indictment, the Appellate Division, Second Department, "conclude[d] that once a case has been presented to a Grand Jury and it has voted an indictment, there is no authorization, statutory or otherwise, which would permit the prosecutor to ask that that vote be withdrawn. To so unilaterally interfere with the Grand Jury process * * * must be deemed a withdrawal of the case from the Grand Jury's consideration and is tantamount to a dismissal *(see, People v Wilkins,* [68 NY2d 269])."

In *Cade (supra),* the prosecution "reopened" a presentation in order to submit additional evidence. Here, the People "reopened" the presentation to give additional instructions to the grand jurors. Although no case appears to have applied the *Cade* doctrine to the precise facts herein, both the language and the rationale of *Cade* persuade that it is controlling.[1] *(See, Duffy v Horton Mem. Hosp.,* 66 NY2d 473, 475; *Mountain View Coach Lines v Storms,* 102 AD2d 663, 664-665.) Indeed, the People have not argued that *Cade* is inapposite. Commendably, the People drew to the court's attention the possible defect they perceived in the indictment.

In *Cade (supra),* the Second Department began its analysis by stating the well-established principle that Grand Juries are not an instrument of the prosecutor but are created by the New York Constitution and the court that impanels them. The *Cade* court pointed out that "[t]he manner in which the Grand Jury functions and its procedures and its duties are carefully defined by statutory provisions which are to be strictly construed". *(People v Cade, supra,* at 101.)

---

1. A court of coordinate jurisdiction recently dismissed an indictment where the Grand Jury had voted a true bill on a single count and three days later the prosecutor submitted additional charges which were added to the indictment. *(People v LeGrand,* 142 Misc 2d 151.) While the Grand Jury in *LeGrand* neither heard additional evidence nor voided its prior vote, the court found the *Cade* reasoning applicable.

CPL 190.60 (1) authorizes a Grand Jury to vote an indictment. CPL 190.65 (3) provides that "[u]pon voting to indict a person a grand jury must * * * file an indictment with the court by which it was impaneled." If the Grand Jury votes to dismiss a charge, CPL 190.75 (3) directs that it may not be submitted again to a Grand Jury unless a court authorizes resubmission. There is no statutory authority for submitting additional evidence to a Grand Jury once it has voted, as was done in *Cade (supra),* and there is no statute authorizing the prosecutor to reinstruct the Grand Jury after it votes as was done here.

In *People v Wilkins* (68 NY2d 269, *supra)* the prosecutor withdrew a matter from a Grand Jury before a vote was taken and presented it to a second Grand Jury. The Court of Appeals deemed the withdrawal equivalent to dismissal of the charges against the defendant, triggering the need for court approval of the resubmission. *Wilkins* makes clear that the critical question in deciding whether a case can be withdrawn from the Grand Jury with impunity is the stage at which it is withdrawn. "[O]nce a Grand Jury hears evidence in a case presented to it, the key factor in determining whether an unauthorized withdrawal of the case must be treated as a dismissal is the extent to which the Grand Jury considered the evidence and the charge." *(People v Wilkins, supra,* at 274.)

To permit a prosecutor to withdraw a case from Grand Jury consideration at a late stage in the proceeding (here, after a vote had been taken, it could hardly be later) would undermine the salutary purpose of CPL 190.75 (3), which mandates the impaneling court to supervise resubmissions. *Wilkins* denied the prosecutor the right to withdraw a completed case before a vote by the Grand Jury because such a power "would furnish the prosecutor the means of defeating CPL 190.75 (3) in almost every case by withdrawing all but 'open and shut' cases and resubmitting them after further preparation or a more compliant Grand Jury is impaneled." *(People v Wilkins, supra,* at 275.) Based on this reasoning, *Cade (supra)* prohibits the prosecutor from requesting the Grand Jury to rescind its vote to indict. The *Cade* court feared that otherwise, "a prosecutor would, by extension, be permitted to request a Grand Jury to rescind other votes * * * for example * * * [a vote] to direct the prosecutor to file an information in a local criminal court (CPL 190.70) * * * [to] present additional evidence to fortify * * * deficiencies in his case." *(People v Cade,*

*supra,* 140 AD2d, at 102.) *Cade* does not discuss the distinction between a vote by the Grand Jury to direct the filing of an information in a local criminal court, which is unfavorable to the prosecution, and a vote to indict on felony charges which is favorable. The fact that there was no bad faith on the part of the prosecutor and no prejudice to the defendant in *Cade* did not save the indictment. Implicit in the *Cade* holding is the conclusion that any unilateral interference by the prosecutor with the vote of the Grand Jury carries the risk of abuse. Thus, once the Grand Jury votes, the People may not supplement a presentation.[2]

In the case at bar, the Grand Jury withdrew the indictment and then heard legal instructions which included for the first time the definition of accomplice and the need for corroboration of an accomplice's testimony. Here, the chance of prejudice to the defendant is greater than in *Cade (supra),* where the Grand Jury, after rescinding its vote, heard only additional evidence. Theoretically, the Grand Jury here may have indicted the first time on uncorroborated accomplice testimony and then, after hearing proper instruction, have been reluctant to change its vote. In *Cade,* there was no theoretical possibility that the first vote improperly colored the second vote.

The *Cade* holding that the prosecutor has no authority to ask a Grand Jury to withdraw its vote and to do so is tantamount to a dismissal must be applied here. Accordingly, defendant's omnibus motion is granted to the extent that the indictment is dismissed with leave to the People to re-present the matter to a new Grand Jury, if they are so advised. The remainder of the motion is denied as moot.

[Portions of opinion omitted for purposes of publication.]

2. Could the impaneling court permit the prosecution, upon application, to ask a Grand Jury to set aside its vote in order to supplement a presentation? A strict reading of CPL 190.65 (3) and 190.75 (3) would seem to foreclose such a procedure. On the other hand, supervision by the court would assuage the fear of prosecutorial overreaching that motivated the *Wilkins* (68 NY2d 269) and *Cade* (140 AD2d 99) decisions. This question, of course, is not before the court.