THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GONNIE HAMILTON and RALPH LEGUILLOW, Defendants.

Supreme Court, Kings County, February 2, 1989

### APPEARANCES OF COUNSEL

*Philip Kahn* for Gonnie Hamilton, defendant. *Ellen S. Sacks* for Ralph Leguillow, defendant. *Elizabeth Holtzman, District Attorney (David Neier* of counsel), for plaintiff.

### OPINION OF THE COURT

NORMAN GEORGE, J.

This case involves the defendants' alleged robbery of the complainants, Terrie Hardy and Tony Rivers, on June 19, 1987. Under Kings County indictment No. 8921/88, the defendants are charged with the crimes of robbery in the first degree (six counts), robbery in the second degree (two counts), grand larceny in the fourth degree (two counts), criminal possession of a weapon in the third degree, and criminal

possession of a weapon in the second degree. In their respective omnibus motions, the defendants have moved, *inter alia,* for an order dismissing the indictment on the ground that the Grand Jury proceeding was defective. The court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On August 29, 1988, the supervising Assistant District Attorney presented evidence in the case to the Grand Jury under Kings County indictment No. 5924/88. After presenting the testimony of the two complaining witnesses, the Assistant District Attorney adjourned the proceeding for the presentation of further evidence. On September 1, 1988, a third witness testified and a ballistic report establishing that the recovered gun was a revolver was introduced into evidence. On September 6, 1988, the Assistant District Attorney charged the jurors on the law, submitting for their consideration the following crimes: two counts of robbery in the first degree involving the use of a deadly weapon (a revolver), two counts of robbery in the first degree involving a dangerous instrument, two counts of robbery in the first degree involving the display of what appeared to be a pistol, two counts of robbery in the second degree, two counts of grand larceny in the fourth degree, and one count of criminal possession of a weapon in the third degree. The Grand Jury voted a true bill as to all of these counts, however, no indictment was filed at that time.

Thereafter, on September 19, 1988, the prosecutor returned to the same Grand Jury and under a new indictment number (8921/88), marshaled the evidence which he had previously presented on September 1st and 6th, and recharged the jurors on the law. This time the prosecutor submitted two counts of robbery in the first degree involving the use of a deadly weapon (a revolver), two counts of robbery in the first degree involving a dangerous instrument, two counts of robbery in the first degree involving the display of what appeared to be a revolver, two counts of robbery in the second degree, two counts of grand larceny in the fourth degree, one count of criminal possession of a weapon in the third degree, and one count of criminal possession of a weapon in the second degree. A new vote was then taken by the Grand Jury and a true bill was found as to all of these crimes.

On September 28, 1988, the instant indictment (8921/88), as

well as the previously voted indictment (5924/88), were filed with the court. On October 6, 1988, the defendants were arraigned on both indictments, and the People dismissed indictment No. 5924/88 as superseded.

Upon review of the instant motion papers, the People's response thereto, and the Grand Jury minutes, the court discovered this seemingly unauthorized resubmission of charges to the Grand Jury and requested that the People submit a supplemental affirmation explaining the series of events which led to the instant indictment. In their affirmation, the People explain and attempt to justify their conduct in the following manner: "When the Assistant District Attorney * * * attempted to file this indictment (5924/88), he was informed by his superior that the counts involving robbery in the first degree were inconsistent, since some alleged the use of a revolver and some alleged the use of a pistol. Ballistic evidence had already been presented to the Grand Jury that the gun was a revolver. In addition [the] Assistant District Attorney * * * had forgotten to charge criminal possession of a weapon in the second degree, and had only charged criminal possession of a weapon in the third degree * * *. In an attempt to correct the error in the charge to the Grand Jury involving the revolver and not run afoul of the Apellate [sic] Division's decision in Cade * * * [the] Assistant District Attorney * * * then marshalled the same Grand Jury with the evidence from Indictment No. 5924/88 and then charged them under Indictment No. 8921/88, and specifically told the Grand Jury to consider all of the evidence heard on Indictment 5924/88 for Indictment 8921/88." '

### CONCLUSIONS OF LAW

Recently, the Appellate Division, Second Department, held that "once a case has been presented to a Grand Jury and it has voted an indictment, there is no authorization, statutory or otherwise, which would permit the prosecutor to ask that that vote be withdrawn. To so unilaterally interfere with the Grand Jury process * * * must be deemed a withdrawal of the case from the Grand Jury's consideration and is tantamount to a dismissal" (People v Cade, 140 AD2d 99, 103).

In Cade (supra), the People presented evidence to the Grand Jury over a two-day period and, after being charged on the law with respect to the crimes of murder in the second degree and criminal possession of a weapon in the second degree, the

Grand Jury voted a true bill as to both counts. No indictment was filed with the court following that vote. Six days later the prosecutor asked the Grand Jury to void its earlier vote for the purpose of allowing him to present additional testimony. Following the presentation of new evidence, the prosecutor recharged the jury on the crimes of murder in the second degree and criminal possession of a weapon in the second degree, and a second true bill was voted as to those charges. Thereafter, an indictment was filed on the second true bill.

The thrust of the *Cade* decision *(supra)* was that, since the Grand Jury failed to file an indictment with the court following its original vote of a true bill as required by CPL 190.65 (3), the subsequent withdrawal of the case from the Grand Jury constituted a dismissal of the charges, and any resubmission of those charges to the Grand Jury was a nullity in the absence of prior court approval.

While the sequence of events in the Grand Jury proceedings in the case at bar is factually distinguishable from that in *Cade (supra)*, this court finds no reason to exclude this case from the *Cade* ruling. Indeed, this case presents an even more compelling argument for dismissal than the *Cade* case itself because here, the unauthorized second vote resulted in the indictment of the defendants upon an additional, more serious, weapons possession count (criminal possession of a weapon in the second degree).

In *Cade (supra,* at 102), the Appellate Division noted that "had [the People] waited until an indictment had been filed, the prosecutor could have then sought a superseding indictment without a further court order * * *. However, what distinguishes the instant situation is that although the Grand Jury had taken a vote, the foreperson had not yet formally presented the charges to the court as required under CPL 190.65. To permit interference with the Grand Jury by the prosecutor in this manner could lead to precisely the situation which the provisions of CPL 190.75, mandating court authorization for resubmissions, were intended to prevent."

Clearly, the facts of the instant case warrant application of the *Cade* rule inasmuch as the People utterly failed to file indictment No. 5924/88 with the court at the time of the original vote. Their belated efforts to file that indictment simultaneously with their filings of the subsequent indictment on September 28th were too little, too late. At the time of the prosecutor's return to the Grand Jury on September 19th, no

indictment had yet been filed on the Grand Jury's original vote and hence, there existed no valid legal instrument to supersede. Had the prosecutor filed indictment No. 5924/88 immediately after the Grand Jury's vote on September 6th, he would have been able to properly supersede that indictment at a later date without court approval. However, the fact that no indictment had yet been filed at the time of the prosecutor's resubmission rendered any subsequent Grand Jury proceedings null and void since the Grand Jury had been divested of its jurisdiction over the defendants by its failure to act on its original vote.

Moreover, if, as the People claim, the Assistant District Attorney was attempting to comply with the Appellate Division's recent ruling in *Cade (supra)*, he simply should have sought leave from the court to return to the Grand Jury and recharge on the law. And, with respect to the two counts of robbery in the first degree which were altered to conform with the proof, the People could have simply sought leave to amend the indictment and substituted the word "revolver" for the word "pistol" where necessary.

The court is not persuaded by any of the People's arguments opposing dismissal of the indictment. Initially, the court rejects outright the People's argument that the *Cade* ruling *(supra)* should not be applied retroactively to this case. This argument is clearly erroneous in view of the fact that the *Cade* decision was handed down on August 29, 1988, the very day that evidence in this case was first presented to the Grand Jury and some 21 days prior to the prosecutor's unauthorized resubmission. Indeed, the People themselves argue that the prosecutor's action was nothing more than an attempt to comply with the *Cade* ruling, and it is somewhat ludicrous for them to simultaneously argue that the instant case predated the *Cade* decision.

Nor is the court persuaded by the People's argument that the *Cade* rule should not be applied to this case because the evidence presented prior to the Grand Jury's first vote was legally sufficient. The court fails to see how this argument avails the People of any support because the *Cade* case *(supra)* makes absolutely no mention of whether or not there was legally sufficient evidence prior to the Grand Jury's original vote in that case. Since that issue was clearly not even relevant to the *Cade* ruling, this court is hard pressed to find any significance in the legal sufficiency of the evidence presented to the Grand Jury prior to its first vote in this case.

Moreover, the court rejects the People's claim that "there is no way that a defendant could be prejudiced by the resubmission of charges following the return of a true bill on legally sufficient evidence". To the contrary, the case at bar clearly illustrates the prejudice that can inure to a defendant regardless of the legal sufficiency of evidence presented prior to the Grand Jury's initial vote, i.e., upon resubmission, the Grand Jury can vote to indict the defendant upon additional charges not previously submitted or voted on. Thus, the court finds no merit to this argument.

Furthermore, the court does not look favorably upon the People's attempt to reargue the *Cade* case *(supra)* before this court by asserting that the Appellate Division incorrectly decided the case. While obviously the prosecutor is entitled to maintain his position about the *Cade* case, this court has fully adopted the *Cade* court's analysis and will adhere strictly to that ruling unless and until further decisional law mandates otherwise. Thus, it does not serve the prosecutor well to argue before this court his belief that the *Cade* case was erroneously decided.

In sum, the court rejects all of the arguments set forth by the People in opposition to the defendant's motion to dismiss, and finds that the instant indictment must be dismissed on the basis of the supervising Assistant District Attorney's unauthorized interference with the Grand Jury process. The People are granted leave to re-present to another Grand Jury, and the defendant is held pursuant to CPL 210.45 (9).