*355 OPINION OF THE COURT
Anne G. Feldman, J.
Defendant moves to dismiss the indictment pursuant to People v Cade (140 AD2d 99 [2d Dept 1988], adhered to on rearg 145 AD2d 565). After the Grand Jury had voted a 27-count indictment the prosecutor asked it to withdraw its vote on one misdemeanor count and recharged it on that count alone.
For the reasons hereinafter stated, defendant’s motion to dismiss the indictment is denied. However, the misdemeanor count on which the prosecutor reinstructed the Grand Jury is dismissed pursuant to CPL 210.20 (1) (c).
BACKGROUND
The prosecution presented evidence to the Grand Jury that over a three-year period defendant sexually assaulted the two infant daughters of his then common-law wife. The testimonial presentation was on March 3 and March 7, 1988. On March 8th the Grand Jury was instructed on the law and subsequently voted to indict defendant for eight counts of rape in the first degree, 10 counts of sodomy in the first degree, eight counts of sexual abuse in the first degree and two counts of endangering the welfare of a child (hereinafter endangering) — a misdemeanor. On March 14th, before the indictment was filed, the prosecutor asked the Grand Jury to disregard its vote on one endangering count and immediately reinstructed it on that count. The reinstruction reflected the older child’s testimony that the defendant had sexually abused her between June 18, 1983 and July 4, 1986 rather than between June 18, 1983 and July 4, 1983 as originally charged.[1]
Defendant’s omnibus motion, in which he sought dismissal of the indictment for insufficiency of evidence (CPL 210.20 [1] [b]) was decided a few months before the Appellate Division, Second Department, issued its opinion in People v Cade (supra). In ruling on that motion, this court had found the evidence before the Grand Jury legally sufficient and viewed *356 the prosecutor’s correction of the dates in the one endangering count as inconsequential.
Defendant’s counsel became aware of the. endangering resubmission when he read the Grand Jury charge, apparently furnished to him with the Rosario material. He made this motion to dismiss orally after the prosecution moved the case to trial and as the jury panel waited to enter the courtroom.
LEGAL ANALYSIS
As this court interprets People v Cade (supra) it does not require the drastic relief sought. Although the Second Department, in Cade, noted the lack of explicit authority for the prosecutor to ask a Grand Jury to void its vote, this court perceives as the core of the opinion the concern that the prosecutor was interfering with the Grand Jury in a manner which impaired its integrity and fostered prosecutorial abuse and manipulation (People v Cade, supra, at 102; People v Wilkins, 68 NY2d 269, 274 [1986]). In Wilkins (supra, at 275), relied upon by the Cade court, the Court of Appeals envisioned the worst case scenario where the prosecutor could unilaterally withdraw from the Grand Jury "all but 'open and shut’ cases and resubmit * * * them after further preparation or [when] a more compliant Grand Jury is impaneled”.
The factual background in this case is far removed from that before the courts in Cade (supra) and Wilkins (supra). In both those cases, after asking the Grand Jury to withdraw its vote, the prosecutor presented additional evidence bolstering the case against the defendant. In Wilkins the court considered the likelihood of prejudice to the defendant (supra, at 276). In adhering to its original decision after reargument, the Second Department cited Wilkins and CPL 210.35 (5), stating, "[w]e retain our view that the resubmission of this matter to the Grand Jury without the prior authorization of the court impaired the integrity of the proceedings before that body and created the possibility of prejudice to the defendant” (People v Cade, 145 AD2d 565, supra; emphasis added).[2]
*357 Here, no additional evidence or new or different charges were submitted to the Grand Jury after its vote and no additional legal instructions were given to alter or bolster the prosecution’s presentation. The prosecutor’s correction neither changed the theory of the prosecution nor prejudiced the defendant in any way. The Grand Jury vote was clearly not influenced by the change and if the District Attorney had been prescient of Cade (supra) and petitioned for judicial leave to re-present, such a petition surely would have been granted. Furthermore the charge in question, endangering the welfare of a child, was a misdemeanor offense, summarizing a large number of serious felony crimes for which the dates were correctly charged.
This court has found no case where a court of concurrent jurisdiction has applied Cade (supra) to such an isolated and trivial error. Rather, Trial Term courts have dismissed indictments when the prosecution has presented the Grand Jury with additional evidence (e.g., People v Mullen, NYLJ, Feb. 22, 1989, at 24, col 3; People v Bell, NYLJ, Jan. 24, 1989, at 27, col 1; People v Hamilton, 142 Misc 2d 554; People v Marine, 142 Misc 2d 449); added additional counts (e.g., People v Woods, NYLJ, Feb. 22, 1989, at 22, col 5; People v LeGrand, 142 Misc 2d 151); or corrected legally erroneous instructions (e.g., People v Esposito, 142 Misc 2d 288). Here, the error was negligible. It could effectively and efficiently be cured by dismissing only the one count on which the prosecution had overstepped its bounds.
To have dismissed the entire indictment in this case would assuredly have caused considerable pain and trauma to the young complainants. The witnesses, now aged 9 and 13, were psychologically prepared to testify at the long-awaited trial. If the motion to dismiss had been granted they would have then been required to testify before another Grand Jury and to await the rescheduling of the trial. During this period their memories might well have become dim and perhaps unreliable.
Under the facts and circumstances of this case a mechanical and literal application of Cade (supra) would constitute a miscarriage of justice.

. The child testified about three occasions on which she said defendant had assaulted her: the first when she was seven years old between June 18, 1983 and July 4, 1983; and the other two between November 14, 1984 and December 24, 1984 and between June 18, 1986 and July 4, 1986. The prosecutor’s recharge accurately stated the time period during which defendant is charged with endangering that child, encompassing all three assaults instead of only the first.

. This court finds significant the Second Department’s specific citation to CPL 210.35 (5). That statutory provision was not cited in the court’s original decision, giving rise to the possible interpretation that the court intended to formulate a bright line rule mandating dismissal even where no "possibility of prejudice to the defendant” exists. This court reads the reliance on CPL 210.35 (5) as a clarification of the original opinion’s boundaries.