OPINION OF THE COURT
Phylis Skloot Bamberger, J.
The defendant is charged with operating a motor vehicle while under the influence of alcohol as a felony (Vehicle and Traffic Law § 1192 [2], [3]). The defense motions to inspect the transcript of Grand Jury proceedings and to dismiss the indictment were granted in an order dated May 18, 1989. The *974 court found there was a violation of People v Cade (140 AD2d 99 [2d Dept 1988]), when the People reopened the case without court permission after the Grand Jury had voted to indict the defendant for a misdemeanor of driving while intoxicated. The reopening was to present evidence of a prior conviction for drunk driving and to ask the Grand Jury to vote a felony charge.*
The State sought a stay of the order of dismissal and reargument of the motion, both of which were granted. After reconsideration, the court on June 1, 1989 reaffirmed its original decision. This opinion sets out the court’s conclusions on the issue of whether an exception to the Cade rule exists for reopening a case without a court order to present evidence of a prior conviction to enhance the level of the crime. There do not appear to be any decisions on this issue.
The prosecutor may not, without an order of the court, reopen a case before the Grand Jury after evidence has been presented to the Grand Jury or after a vote has been taken. (People v Wilkins, 68 NY2d 269 [1986]; People v Cade, supra.) Such action by the prosecutor is deemed to be a dismissal, which by statute requires court permission for a new presentation. (CPL 190.75 [3].)
The prosecutor’s position is that Cade (supra) and Wilkins (supra) do not apply here because the prosecutor is preventing prejudice to the defendant by not disclosing the prior conviction until after the vote on the new charge. The court applauds the concern by the prosecutor for the fairness of the proceedings and fully appreciates the seriousness with which the prosecutor accepts his role as the Grand Jury’s legal advisor. (CPL 190.25 [6].) Nonetheless, Wilkins specifically holds that the subjective good faith of the prosecution does not resolve the issue of whether the prosecutor had legal authority to act. (68 NY2d, supra, at 272-273.) Cade similarly treats the issue of good faith, saying "even though the prosecutor may have acted in good faith in the instant case, his action was without statutory authority” (140 AD2d, supra, at 102). Cade and Wilkins examine the statute and conclude that the purpose of the prohibition is to prevent abuse by the prosecutor of the Grand Jury and its procedures and that the language and the purpose of the statute preclude representa *975 tion without a court order. The circumstances here provide no basis for an exception, because the statute creates a total ban.
The prosecutor looks to CPL 60.40 (3) and 200.60 (1) and (2) for support of the State’s position. CPL 60.40 (3) allows, subject to limitations imposed by CPL 200.60, introduction of a prior conviction in evidence before a trial jury if necessary to prove an element of the crime charged. Subdivisions (1) and (2) of CPL 200.60, which are the only parts of CPL 200.60 cited by the prosecutor, preclude mention of the prior conviction in the indictment and require a special information be filed by the prosecutor alleging the prior conviction but prohibit mentioning the information to the trial jury. The prosecutor appears to be arguing that because notice of the conviction cannot appear in the indictment or be mentioned to the trial jury, evidence of the conviction should not be introduced before the Grand Jury. The prosecutor’s argument does not provide grounds for a Cade exception.
First, the prosecutor’s appraisal of CPL 200.60 is incomplete. The evidence of the conviction can indeed come before the trial jury. CPL 200.60 (3) permits use of the evidence of prior convictions before the trial jury if the defendant declines to acknowledge the conviction by an admission out of the jury’s presence. Thus, the prosecutor’s position that the statute supports a strict prohibition on the presentation of the prior conviction evidence before the Grand Jury is not accurate. Rather, the statute strikes a balance between protecting the defendant and allowing the prosecutor to meet the burden of proof.
Second, subdivisions (l)-(3) of CPL 200.60 do not relate to Grand Jury procedure. The only subdivision applicable to the Grand Jury is CPL 200.60 (4), which states the People are not precluded from presenting to the Grand Jury evidence of prior convictions where such evidence is necessary to establish a legally sufficient case. That provision is directly relevant to this case, for if the People are to meet their burden to establish the crime charged here, evidence of the prior conviction must be produced. Nonetheless, there is no statutory provision analogous to CPL 200.60 (l)-(3) instructing the People as to how or when to put the fact of the conviction into evidence before the Grand Jury. Although the principle behind CPL 200.60 (l)-(3) may justify the position that the Legislature intended the Grand Jury, like the trial jury, to remain untainted to the extent possible (and this court accepts the People’s position that the evidence may affect the Grand *976 Jury and its integrity, a risk aggravated if the defendant testifies and denies his guilt), the presentation of the evidence again must balance the concerns involved. Here, the concerns are admitting the evidence, avoiding a tainted Grand Jury, and preventing the interference with the Grand Jury condemned in Wilkins (supra) and Cade (supra). The People are required to satisfy all these concerns. Accordingly, when the evidence of the prior conviction is introduced on re-presentation, that proceeding must be authorized by a court order. If the case is re-presented to the same Grand Jury the evidence of the current charge need not be repeated (People v Lane, 143 Misc 2d 385 [Sup Ct, Bronx County]). The prosecutor is not put to any added effort, but for obtaining the court order. The order is not a burden because a Grand Jury Judge, or another member of the judiciary is readily available to sign the order.
The motion to reargue is granted. The motion to rescind the prior order of dismissal is denied. The indictment is dismissed . with leave to re-present. The defendant’s release on $200 bail is continued until there occurs one of the events set out in CPL 210.45 (9) (a), (b), (c), or (d).

 Possession of a firearm under Penal Law § 265.01, a misdemeanor, similarly becomes a felony if the defendant had a prior conviction. (Penal Law § 265.02 [1].)