*387 OPINION OF THE COURT
Richard Goldman, J.
Defendant moves to dismiss indictment No. 11798/88 on the ground that his statutory right under CPL 30.30 was violated.
On February 8, 1988, the felony complaint was filed against the defendant. On April 26, 1988, indictment No. 1433/88 was filed charging defendant with the commission of a nonhomicidal felony. The People announced their readiness on this indictment on June 8, 1988. Indictment No. 1433/88 was dismissed on November 21, 1988 pursuant to People v Cade (140 AD2d 99, adhered to on rearg 145 AD2d 565, lv granted 73 NY2d 975). A second indictment, No. 11798/88, was filed on January 17, 1989, charging the same crimes as previously.
Defendant contends that the period between the filing of indictment No. 1433/88 on April 26, 1988 and its dismissal on November 21, 1988 should be charged to the People, as the People could not be ready on a jurisdictionally defective indictment. No claim is made by defendant that any other periods of time are chargeable to the People or that this period is chargeable for any other reason.
An indictment is defective where there has been an unauthorized re-presentation of a matter by the prosecutor to the Grand Jury after a vote has been taken, but prior to its filing (People v Cade, 140 AD2d 99, supra). Once a Grand Jury votes to indict, it must, through its foreperson, file the indictment (supra, at 100). Prior to its filing, any additional action by the People is unauthorized and interferes with the process of the Grand Jury (People v Cade, 140 AD2d, at 103, supra). The prosecutor’s request to the Grand Jury to hear additional evidence or instructions is deemed a withdrawal and hence constitutes a dismissal (supra, at 100; People v Wilkins, 68 NY2d 269). Once dismissed, a matter cannot be re-presented to the Grand Jury without court authorization (supra; CPL 190.75).
At issue in the instant case is whether such re-presentation without court authorization creates a jurisdictional defect. Criminal jurisdiction is comprised of subject matter, in personam, geographical (CPL 20.20, 20.30), venue (CPL 20.40, 20.60) and trial jurisdiction (CPL 1.20 [24]; 10.20, 10.30). Clearly the nature of a Cade violation does not refer to in personam, geographical, venue or trial jurisdiction. Thus, the alleged nature of the violation must be deemed a claim of a lack of subject matter jurisdiction.
*388 Subject matter jurisdiction is found to be lacking where "no indictment was returned * * * [where] the indictment * * * was inherently defective in that it failed to allege the elements of the crimes charged * * * [where] the trial court had no jurisdiction under article VI of the Constitution to try the offenses of which defendant was convicted” (People v Ford, 62 NY2d 275, 282); where there is an "error that would affect the organization of the court or the mode of proceedings” subscribed by law (People v Patterson, 39 NY2d 288, 295), or where the indictment accused defendant of acts which do not constitute a crime (People v Iannone, 45 NY2d 589, 600).
A Cade dismissal is not based upon the fact that the indictment failed to charge defendant with the commission of a particular crime (People v Iannone, 45 NY2d, at 600, supra), nor that the indictment failed to allege the elements of the crime charged (People v Ford, 62 NY2d, at 282, supra). There is no error which affected the organization of the court or the mode of proceedings prescribed by law (People v Patterson, 39 NY2d, at 295, supra). Further, the acts defendant is accused of committing clearly constitute a crime (People v Iannone, 45 NY2d, at 600, supra). Thus, the People’s resubmission without court authorization did not in any way jurisdictionally undermine the indictment, although such conduct impaired the integrity of the proceedings as the People had no authority, statutory or otherwise, for their actions (People v Cade, 140 AD2d 99, supra).
The Cade decision on reargument indicates that such a defect is not jurisdictional (People v Cade, 145 AD2d 565, supra). In affirming its prior decision, the court stated that resubmission without court authorization "impaired the integrity of the proceedings * * * and created the possibility of prejudice to the defendant” (People v Cade, 145 AD2d 565, supra [emphasis supplied]; see also, People v Morales, 143 Misc 2d 354, 356, n 2). If an unauthorized resumbission created a jurisdictional defect, the possibility of prejudice to the defendant would be irrelevant because the court has no authority to act (People v Ford, 62 NY2d 275, supra; People v Iannone, 45 NY2d 589, 600, supra; People v Branch, 73 AD2d 230). Thus, Cade implies that its decision is not predicated upon the alleged jurisdictional nature of the defect.
CPL 210.20 further indicates that a Cade violation is nonjurisdictional. A motion to dismiss for a Cade violation is made under CPL 210.20 (1) (c), not CPL 210.20 (1) (h), which specifically addresses dismissal for lack of jurisdiction. Under CPL *389 210.20 (1) (c), the court must look to the provisions of CPL 210.35 to determine the effectiveness of the proceedings. CPL 210.35 (5) indicates that Grand Jury proceedings are defective where "integrity * * * is impaired and prejudice to the defendant may result” (see, People v Williams, 73 NY2d 84, 91). The courts in both People v Wilkins (68 NY2d 269, supra) and People v Cade (145 AD2d 565, supra) determined the issue presented under this criteria. Thus, while the indictment is defective as a result of unauthorized resubmission, the defect is not jurisdictional.
This court is not persuaded by the decisions of certain nisi prius courts that state a Cade violation creates a jurisdictional defect (see, People v Beckford, NYLJ, Apr. 10, 1989, at 28, col 3 [copy of memorandum decision indicates case entitled "People v Beckman"]; People v Beyah, 143 Misc 2d 14). These decisions assume such a violation creates a jurisdictional defect without discussion to support such a conclusion.
This court concludes that a Cade violation is nonjurisdictional and, therefore, the cases excluding periods during the pendency of a nonjurisdictionally defective indictment are applicable (see, People v Sinistaj, 67 NY2d 236; People v Lomax, 50 NY2d 351).
Even assuming, arguendo, that a Cade violation creates a jurisdictional defect, it must be determined whether such a defect affects the People’s readiness under CPL 30.30.
CPL 30.30 is concerned with readiness in a criminal action, not with readiness on a particular accusatory instrument (People v Heller, 120 AD2d 612, 613, lv denied 68 NY2d 757). There is but one criminal action notwithstanding that the original accusatory instrument is replaced or superseded during the course of the action (People v Lomax, 50 NY2d, at 356, supra; see also, People v Sinistaj, 67 NY2d, at 239-241, supra). A Cade violation entails dismissal of a particular accusatory instrument. It is therefore possible for the People to be ready in the criminal action notwithstanding dismissal of a particular accusatory instrument. That is all CPL 30.30 requires (see, People v Heller, 120 AD2d 612, supra; People v Traficante, 143 AD2d 443, after remand 147 AD2d 843). Thus, even if a Cade violation creates a jurisdictional defect, there is no effect on the People’s readiness under CPL 30.30.*
Further, even if the People are not ready on the jurisdic *390 tionally defective indictment, those periods that are excludable under the defective instrument are excludable under the subsequently obtained indictment (People v Beckford, NYLJ, Apr. 10, 1989, at 28, col 3, supra [a copy of memorandum decision indicates case entitled People v Beckman”]; People v Beyah, 143 Misc 2d 14, supra; People v Drayton, NYLJ, May 23, 1989, at 25, col 1; People v Mitchell, 144 Misc 2d 107).
Where one accusatory instrument is replaced by another, the period between the filing of the complaint and the filing of the second indictment is not automatically chargeable to the People even where there is a jurisdictional defect (People v Bantum, 133 AD2d 699, lv denied 70 NY2d 929; see also, People v Sinistaj, 67 NY2d, at 240, supra; People v Heller, 120 AD2d 612, lv denied 68 NY2d 757, supra). Thus, any time excludable under the Cade defective indictment is likewise excludable under the successive indictment.
In calculating excludability under successive indictments, the court counts "the number of days to be charged to the People prior to their valid statement of readiness on the original indictment, subtract[s] that number from the number of days in the entire speedy trial period, and then subtracts] from the balance any subsequent period of prosecutorial delay incompatible with their ability to proceed” (see, People v Traficante, 143 AD2d 443, 444-445, after remand 147 AD2d 843, supra; People v Drayton, NYLJ, May 23, 1989, at 25, col 1, supra; see also, People v Anderson, 66 NY2d 529).
In the instant motion, defendant has claimed the time period in question is chargeable to the People solely on the grounds that the People could not have been ready on a defective indictment. As this court has concluded to the contrary, and defendant has failed to address the issue of whether the period of time is chargeable for any other reason, defendant’s motion papers are legally insufficient (People v Lomax, 50 NY2d, at 356-358, supra).
Defendant’s motion to dismiss is therefore denied.

 Certain courts have determined that the prosecutor cannot be ready on a jurisdictionally defective indictment (see, People v Smoot, 112 Misc 2d 877, *390 affd 86 AD2d 880; People v Gelfand, 131 Misc 2d 268; People v Whetson, 135 Misc 2d 1).