*270 OPINION OF THE COURT
Michael C. Curci, J.
The defendant Wilson Castillo has made a motion to dismiss the indictment pursuant to the CPL, the Constitution and the case law of this State. The defendant Wilson Castillo contends that the indictment be dismissed on the ground that this indictment is defective, pursuant to CPL 190.75 (1) and (3), in that it represents a third submission to the Grand Jury.
1. HISTORY OF THIS CASE
The defendant was arrested on February 4, 1987 and charged (with codefendants) in an almost 40-count indictment with multiple sales and possessions of cocaine and possession of a weapon.
The prosecutor first presented this case to a Grand Jury which voted out an indictment. Prior to the filing of this indictment, the prosecutor withdrew the case from the Grand Jury and presented additional evidence to the Grand Jury. The Grand Jury revoted the case which resulted in indictment No. 1165-87 being filed with the court.
On November 14, 1988, indictment No. 1165-87 was dismissed without prejudice by Justice Douglass. This dismissal was pursuant to People v Cade (140 AD2d 99 [2d Dept 1988], later appeal 147 AD2d 995, lv granted by Wachtler, Ch. J., 73 NY2d 975) in that the People failed to obtain court approval before re-presenting the case to the Grand Jury. (See, People v Wilkins, 68 NY2d 269; People v Marine, 142 Misc 2d 449; People v LeGrand, 142 Misc 2d 151; People v Mullen, NYU, Feb. 22,1989, at 24, col 3.)
On or about January 24, 1989, the People obtained the instant indictment No. 12024-88 against the defendant Castillo and the codefendants.
2. THE DEFENDANT WILSON CASTILLO’S CONTENTIONS
The defendant Castillo contends that the instant indictment should be dismissed as defective pursuant to CPL 190.75 (3) in that this instant indictment represents the third time charges have been presented to a Grand Jury in this case after dismissal.
3. THE LAW AND DECISION
CPL 190.75 (3) states: "3. When a charge has been so *271 dismissed, it may not again be submitted to a grand jury unless the court in its discretion authorizes or directs the people to resubmit such charge to the same or another grand jury. If in such case the charge is again dismissed, it may not again be submitted to a grand jury. ” (Emphasis supplied.)
In People v Cade (supra, 140 AD2d, at 99-100) the court stated that "a prosecutor’s request to a Grand Jury to void its vote prior to the filing of an indictment is, for all intents and purposes, a withdrawal of the case from the Grand Jury’s consideration and, hence, constitutes a dismissal under People v Wilkins (68 NY2d 269, 996) such that the case may only be resubmitted to the same or another Grand Jury with the permission of the court (CPL 190.75 [3]).”
In Cade (supra) and in the case at bar, the People improperly asked the Grand Jury to rescind the prior voted "true bill” and receive additional evidence prior to the filing of the first true bill of indictment. This action by the prosecutor was the equivalent of a withdrawal of the case from the Grand Jury and was tantamount to a dismissal under CPL 190.75 (3). (See, People v Wilkins, supra.) Therefore, on November 14, 1988, indictment No. 1165-87 was properly dismissed without prejudice by Justice Douglass on the grounds that indictment No. 1165-87 (second voted true bill) was defective and void in that the case was resubmitted to the Grand Jury without court authorization pursuant to CPL 190.75 (3).
Pursuant to Justice Douglass’ order of dismissal and authorization to resubmit such charges to another Grand Jury, the People did resubmit the charges to another Grand Jury, which did vote a true bill of indictment, which was thereafter filed with the court. This indictment No. 12024-88 is the subject of this motion of dismissal.
The defendant contends that the instant indictment violates CPL 190.75, in that pursuant to People v Cade (supra) the first voted true bill counts as one dismissal under CPL 190.75 (3) and Justice Douglass’ dismissal of indictment No. 1165-87 on November 14, 1988 constitutes the second dismissal pursuant to CPL 190.75 (3). Therefore, the presentation to the Grand Jury which resulted in the instant indictment No. 12024-88 must be dismissed as a third submission to the Grand Jury after two prior CPL 190.75 dismissals.
The defendant Castillo’s argument, if adhered to, would result in every Code-type resubmission being dismissed with prejudice as violating CPL 190.75 (3). The inherent fact pat *272 tern of all People v Cade and People v Marine type cases necessarily would result in dismissals with prejudice if the defense argument is followed.
The defendant’s arguments, although interesting and unique, fail to properly interpret the facts of this case to the case law and the statute. While it is true that pursuant to Cade (supra) the first nonfiled voted true bill of indictment was in effect dismissed by the Grand Jury pursuant to CPL 190.75 when it was resubmitted without court approval. What is not true is the defendant’s contention that Justice Douglass’ dismissal of indictment No. 1165-87 is also a Grand Jury dismissal pursuant to CPL 190.75. Justice Douglass dismissed indictment No. 1165-87. The Grand Jury did not dismiss this indictment. The criterion of CPL 210.20 and 210.45, which allows the Judge to dismiss and permits resubmission, is based upon the court’s sound discretion. Of course, an unlimited number of times would militate towards an abuse of such discretion. But certainly, one time in a unique "Cade” situation is sound and proper. No where could we find any statute, nor case that limits, by specific number, the number of times a court may permit resubmission. CPL 190.75 relates to instances where a Grand Jury dismisses a charge, or charges, not where a court dismisses an indictment.
The final flaw in the defendant’s argument is the second dismissal. This second dismissal does not count as a Grand Jury dismissal under CPL 190.75. For argument’s sake, if the facts of this case were different and the Grand Jury itself dismissed the case after Justice Douglass’ order of November 14, 1988, then that would constitute a second dismissal pursuant to CPL 190.75 and another submission with court permission would not be allowed pursuant to CPL 190.75 (3). But that is not the case here. The court finds only one CPL 190.75 Grand Jury dismissal. The court (Justice Douglass) had the discretion to allow the People to again submit the case to the Grand Jury. This was properly done. Therefore, defendant Wilson Castillo’s motion to dismiss the indictment against him is hereby denied.