OPINION OF THE COURT
Joan B. Carey, J.
On March 11, 1983, the defendant William Ford was arraigned on a felony complaint in Criminal Court charging burglary in the first degree, criminal possession of a weapon in the third degree, criminal possession of stolen property in the second degree and possession of burglary tools. Those charges all arose out of events which occurred in the Hilton Hotel on March 9, 1983. Subsequently, indictment No. 1827/83 was filed on March 25,1983 charging that the defendant committed the crimes of burglary in the second degree on March 3, 1983, and possession of burglar’s tools and possession of an imitation pistol on March 9,1983. The defendant was arraigned in Supreme Court on the indictment on April 8,1983. On August 16,1983, after approximately four months during which time lengthy motion practice was engaged in, count No. 1 of the indict *408 ment, charging the defendant with burglary in the second degree, was dismissed on consent due to a facial defect.
The court (Atlas, J.) granted the People’s application to resubmit the charges to the Grand Jury and on August 17, 1983, the matter was re-presented. A superseding indictment, number 6055/83, charging defendant with the crimes of burglary in the second degree, two counts of criminal possession of stolen property in the third degree, possession of burglar’s tools and possession of an imitation pistol, was voted and on September 30,1983, the defendant was arraigned on the superseding indictment.
The defendant now moves, more than six months after commencement of this action, for an order dismissing the indictment pursuant to CPL 30.30 (subd 1, par [a]) or, in the alternative, for an order releasing the defendant without bail (CPL 30.30, subd 2). He contends that the People did not announce their readiness for trial prior to the submission of this motion, and more significantly, it is the defense’s position that the prosecution could never have been ready because of the defect in the accusatory instrument. He argues, in effect, that the first indictment was, for all purposes, a nullity. Urging the court to apply a traditional speedy trial analysis, the People contend that regardless of the defective count, the reasonable period of delay resulting from pretrial motion practice should be excluded, thereby leaving only 69 days of includable time between commencement and the making of the speedy trial motion. The issue then, to be resolved, is whether an indictment ultimately found to be defective causes periods which would otherwise be excludable pursuant to CPL 30.30 (subd 4) to be includable and charged to the People.
CPL 30.30 (subd 1, par [a]) requires that the People be ready for trial within six months of the commencement of any criminal action which accuses the defendant of a felony, as extended by those periods excluded in subdivision 4. Once the defendant has shown, on a motion to dismiss a delay greater than six months, “the burden of proving that certain periods within that time should be excluded falls upon the People.” (People v Berkowitz, 50 MY2d 333, 349.)
*409 The Court of Appeals has recently held, in People v Torres (60 NY2d 119, 128), that the period of time attributed to the submission of a motion by the defendant, the reasonable time for response by the People and “the period of delay, if any, which in the individual case may be actually ascribed to consideration and determination of the particular motion” must be excluded in analyzing a statutory speedy trial claim. This conclusion is founded on the clear language of CPL 30.30 (subd 4, par [a]) which excludes from the time within which the People must be ready, “a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to: proceedings for the determination of competency and the period during which defendant is incompetent to stand trial; demand to produce; request for a bill of particulars; pre-trial motions; appeals; trial of other charges; and the period during which such matters are under consideration by the court”.
The determination of this speedy trial motion begins with the statutory exclusion of periods of delay occasioned by pretrial motions. Pretrial motions are defined in CPL 255.10, in part, as “any motion by a defendant which seeks an order of the court: (a) dismissing the indictment pursuant to article 210”. Looking then to article 210, various motions to dismiss an indictment are set forth (CPL 210.20 et seq.), among them being the motion pursuant to CPL 210.25 to dismiss the indictment, or a count thereof, as defective for failure to substantially conform to the requirements of article 200 unless the defect or irregularity is one which may be cured by amendment.
The conclusions to be drawn from the statutory definition of pretrial motions and the unequivocal language of CPL 30.30 (subd 4, par [a]) is that a motion of the kind brought by counsel here and granted by the court is within the contemplation of CPL 30.30 and, therefore, that the period of delay resulting from the making of that motion to dismiss the indictment as defective, and the response and the time while the issue is under consideration by the court must be excluded. Having determined that this period shall be excluded, no justification can be raised for refusing to exclude all other periods which likewise fall within CPL 30.30 (subd 4).
*410 Defense counsel relies heavily on the reasoning in People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 921). In People v Colon (supra), a misdemeanor case, the People failed to convert complaints to informations by filing corroborating affidavits within the period prescribed by statute. The court held, apparently based upon the decision of the Court of Appeals in People v Sturgis (38 NY2d 625), that the period of defendant’s absence should not be excluded, concluding that it was the People’s lack of diligence and not the defendant’s absence which caused the delay.
Both Sturgis (supra) and Colon (supra) address a substantially different issue than that presented here. In each of those cases the defendant was absent and the People, relying on that absence, proceeded to do nothing to prepare the cases for trial. These cases stand for the proposition that the defendant’s absence must cause the delay in the prosecution’s ability to be ready for trial before those periods may be excluded, rather than the overbroad application counsel suggests.
This case is factually and procedurally closer to People v Dinkins (76 AD2d 655).* There a felony complaint was filed and an indictment obtained. More than six months later a superseding indictment was obtained after it was found that the first indictment was based upon legally insufficient evidence. On appeal, defendant contended that the first indictment was a nullity and that the People’s delay was caused not by any adjournments requested or consented to by the defendant but rather to the People themselves. The People there argued, as they do here, that there were excludable periods which brought the time charged to the People to less than six months. The Appellate Division dismissed the claim in a single sentence, finding it to be “without merit.” (People v Dinkins, supra, p 661.)
The court finds that the arguments made here are likewise without merit. Here the evidence was expeditiously presented to the Grand Jury and an indictment, albeit one that was found facially defective as to one of four counts, *411 was obtained. In view of this court’s conclusion that a motion to dismiss pursuant to CPL 210.25 is within those pretrial motions which would be excluded under CPL 30.30 (subd 4, par [a]), the court declines to adopt counsel’s view of the indictment as a nullity for speedy trial purposes. To do so would be to write a limitation into CPL 30.30 as to indictments which are successfully challenged which does not appear in the statute. This court will not act as a superlegislature and having no contrary indication in the statute itself, the period of time for the making of the motion to dismiss pursuant to CPL 210.25, the response and the court’s determination of that motion, a total of 18 days, is excluded pursuant to CPL 30.30 (subd 4, par [a]).
The court also finds the following periods of time must be excluded pursuant to paragraph (a) of subdivision 4, as the reasonable period of pretrial motion practice:
(a) On April 8, 1983, the case was adjourned for defendant’s omnibus motion, which was timely served. The People were to respond on May 3, 1983 but did not do so until 3 days later on May 6,1983. A decision was served on May 20, 1983. The period between April 8, 1983 and May 20, 1983, less 3 days while the court awaited the People’s response, totaling 39 days, is excluded.
(b) The defendant’s motion pursuant to CPL 190.50 was filed on June 2, 1983; the People were directed to respond on June 22, 1983 and did so. The decision of the court was rendered on August 12,1983. This period of 71 days is also excluded.
The court has determined that a period of 128 days of the 207 days which have elapsed between commencement and filing of the motion are properly excluded. This finding should not be interpreted as condoning, in any way, the lack of attention to proper pleading that gave rise to this motion and which could have been avoided by perusal of the indictment prior to filing.
Accordingly, the defendant’s motion to dismiss the indictment pursuant to CPL 30.30 and to release the defendant without bail is denied.

 Although the reported decision in People v Dinkins (76 AD2d 655, supra) declined to address in any detail the speedy trial claims made by counsel, these issues were fully addressed in the appellant’s and respondent’s briefs, which were made available to this court.