■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE CRUZ, Respondent. — Order of the Supreme Court, New York County (Ryp, J.), entered February 15, 1984, which granted defendant's motion to dismiss the superseding indictment, is modified, on the law, to reinstate the charges of the first indictment, namely, attempted murder in the second degree, burglary in the second degree and assault in the second degree (indictment No. 4705/82), and otherwise affirmed, and the matter is remanded to Trial Term for further proceedings.

Defendant was arrested on July 26, 1982, for assaulting his ex-wife and throwing her out a second-story window. She sustained fractures of both her spine and ankle. The following day he was arraigned on a felony complaint charging him with assault in the second degree. An indictment was filed on August 2, 1982, charging him with attempted murder in the second degree, burglary in the second degree and assault in the second degree. On January 25, 1983, defendant was indicted in a superseding indictment which charged him with assault in the first degree and reckless endangerment in the first degree. He was arraigned on this indictment on January 31.

Defense counsel moved for dismissal of the indictment, arguing that since the People intended to file a superseding indictment, they had *never* been ready for trial. In addition, counsel argued that the delays occasioned by defense motions and adjournments did not affect the People's ability to file the superseding indictment and, therefore, the time excludable to the People on the first indictment should not be calculated in their favor with respect to the second indictment. Criminal Term, based upon that reasoning, granted defendant's motion to dismiss the superseding indictment, *including* the crimes charged in the original indictment plus the assault in the first degree and reckless endangerment in the first degree charges.

We modify solely to reinstate the charges in the first indictment, i.e., attempted murder in the second degree, burglary in the second degree and assault in the second degree.

The action here commenced with the filing of the felony complaint on July 26, 1982. The original indictment was filed on

August 2, 1982. As of January 25, 1983, 85 days were properly held excludable to the People due to defense motions and consent adjournments. The filing of the superseding indictment *should not* render those 85 days inapplicable to the *original* charges which were retained in the superseding indictment. Since those charges existed from August 2, the People were technically positioned to go to trial when the excludable delays occurred. The superseding indictment merely effected a total substitution of charges. There exists, therefore, a continuity between the two indictments *as to the initial charges.* On the other hand, this continuity does not extend to the first degree assault charge and the first degree reckless endangerment charge which were made in the superseding indictment. Thus, as stated by Criminal Term, delays occasioned by the defense motions and the consent adjournment did not "impede or prevent" the People from obtaining the superseding indictment and thus these charges were properly dismissed pursuant to CPL 30.30. Concur — Kupferman, J. P., Sullivan, Asch, Bloom and Ellerin, JJ. [123 Misc 2d 316.]