■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUGUSTINE RODRIGUEZ, Appellant.—Judgment, Supreme Court, New York County (Beverly S. Cohen, J.), rendered April 24, 1985, convicting defendant, after a jury trial, of attempted assault in the first degree, assault in the second degree and criminal possession of a weapon in the second and third degrees and sentencing him, as a persistent violent felony offender, to concurrent indeterminate terms of from 10 years to life imprisonment on each conviction, unanimously modified, on the law and as a matter of discretion in the interest of justice, the convictions for attempted assault in the first degree and assault in the second degree reversed, the sentences imposed vacated and those counts dismissed, and the matter remanded for resentencing on the convictions for weapons possession and, as so modified, otherwise affirmed.

The charges against defendant arose from the January 11, 1984 shooting of Jorge Mora in the lobby of 709 F.D.R. Drive. Two police officers were on routine patrol duty when they heard a shot. After stopping their patrol car and alighting, the officers observed defendant leaving the building followed by Mora, who was holding his stomach and yelling that the defendant had just shot him. After a chase through a nearby housing project, defendant was apprehended and a loaded .38 caliber revolver was recovered from him.

Defendant was originally charged on February 16, 1984 under indictment No. 293/84 with criminal possession of a weapon in the second and third degrees, based upon the police officers' testimony that he had pointed the loaded revolver at them. Defendant's trial on that indictment resulted in a hung jury and a mistrial was declared on October 30, 1984. On November 26, 1984, the People filed a superseding indictment (No. 7781/84) which, in addition to the weapons charges, charged defendant with the attempted murder of Mora, robbery in the first and second degrees, attempted assault in the first degree and assault in the second degree. A second trial resulted in defendant's. conviction on the weapons and assault charges.

CPL 40.30 (3) provides that where a person has been "prosecuted" for an offense and such proceedings (in this case a trial) are subsequently nullified by a court order (in this case the declaration of a mistrial) which restores the action to its prepleading status or which directs, as here, a new trial of the same accusatory instrument, the nullified proceedings do not bar further prosecution of such offense under the same accusatory instrument. Subdivision (4) of the section further provides that where the court order nullifying the proceedings also dismisses the accusatory instrument, but authorizes the People to obtain a new accusatory instrument based upon "the same offense or an offense based upon the same conduct", the nullified proceedings do not bar further prosecution of such offense under any new accusatory instrument obtained pursuant to such court order or authorization.

In the instant case, the court, in declaring a mistrial on the original indictment, did not dismiss the indictment or authorize the People to re-present a new indictment to the Grand Jury. Thus, the People were limited to retrying defendant upon the same accusatory instrument. *(Matter of De Canzio v Kennedy,* 67 AD2d 111, 120, *lv denied* 47 NY2d 709; *see, People v Lane,* 112 Misc 2d 514, 516-517, *revd on other grounds* 93 AD2d 92; *see also, Matter of Nolan v Lungen,* 91 AD2d 1095, 1096, *affd* 61 NY2d 788.) Despite defense counsel's failure to move, pursuant to CPL 40.30, to dismiss the superseding indictment, we nevertheless consider the issue in the interests of justice. While in *People v Lane (supra,* at 97) we held that counsel's failure to move prior to the retrial to dismiss the superseding indictment under CPL 40.30 did not rise to the level of ineffective assistance, determinative there was the fact that *De Canzio (supra),* the first appellate determination on the issue, was rendered almost 1½ years after *Lane* had proceeded to a third trial. More than five years having passed between the decision in *De Canzio* and defendant's retrial on the superseder, the word should have gotten out by then.

Moreover, prosecution of the newly added charges in the superseding indictment was barred by the speedy trial provisions of CPL 30.30. Although there is a continuity between the original and the superseding indictment as to the original charges, such continuity does not extend to the additional charges and the defense motion to dismiss the superseding indictment on speedy trial grounds should have been granted as to those counts. *(See, People v Cruz,* 111 AD2d 725, 726.)

Concur—Kupferman, J. P., Ross, Milonas, Rosenberger and Wallach, JJ.