OPINION OF THE COURT
Richard C. Failla, J.
On October 6, 1988, the defendant, Steve Chirico, a 17-year-old male was arrested. A felony complaint was filed in Criminal Court on October 8, 1988. Thereafter, on November 9, *381 1988, the defendant was arraigned on indictment number 9373/88 charging rape in the first degree, Penal Law § 130.35; use of a child in a sexual performance, Penal Law § 263.05; promoting a sexual performance by a child, Penal Law § 263.15; endangering the welfare of a child, Penal Law § 260.10; sodomy in the first degree, Penal Law § 130.50; sexual abuse in the first degree, Penal Law § 130.65; and robbery in the third degree, Penal Law § 160.05. The complaining witness is a 14-year-old high school classmate of the defendant.
By decision dated and rendered March 22, 1989, indictment number 9373/88 was dismissed based on a jurisdictional defect, a violation of People v Cade.[1] The People were accorded leave to re-present the matter to another Grand Jury. The People did re-present this case and the defendant was arraigned on the new indictment, number 3604/89, on April 17, 1989.
By notice of motion dated May 8, 1989, the defendant moved this court for, inter alia, an order dismissing the indictment pursuant to CPL 170.30 (1) (e) on the ground that he has been denied his statutory right to a speedy trial pursuant to CPL 30.30. On June 13, 1989, the People’s response in opposition was filed and served. For the following reasons, the defendant’s motion is granted.
CPL 30.30 (1) (a) requires a dismissal of the accusatory instrument when the People are not ready for trial within six months of the commencement of a criminal action wherein the defendant, as here, is charged with one or more felonies. The instant criminal action commenced with the filing of the felony complaint on October 8, 1988. (See, e.g., People v Lomax, 50 NY2d 351, 355-356 [1980].) The allowable six-calendar-month statutory limitation in this case (from Oct. 8, 1988 to Apr. 8, 1989) within which the People must answer ready to proceed to trial is 182 days. (See, e.g., People v Anderson, 66 NY2d 529, 540 [1985].) The defendant alleges that a period in excess of 182 days lapsed between October 8, 1988 and April 17, 1989 during which the People could not be ready to proceed to trial.
The defendant avers that, as a matter of law, the People could never have validly asserted their readiness to proceed to *382 trial on indictment number 9373/88 in light of the nonwaivable jurisdictional Cade defect in that indictment. The defendant maintains that adjournments otherwise excludable, most notably pretrial motions and plea negotiations, should be included in the time frame for the People to answer ready for trial under that indictment because the jurisdictionally defective indictment was, from its inception, a nullity. In essence, the defendant alleges that all time from October 8, 1988 to April 17, 1989, the date on which the defendant was arraigned on the new indictment, is chargeable to the People.
Once the defendant has demonstrated the existence of a delay greater than six months, the burden of proving that certain periods of time should be excluded from the court’s speedy trial computation, so as to bring the case within the six-month limitation, shifts to the People. (People v Berkowitz, 50 NY2d 333, 349 [1980].) The People contend that they are unaware of any legal authority that would mandate the inclusion of previously excludable time pursuant to CPL 30.30 when a court dismisses an indictment with leave to re-present. They then urge that the defendant’s argument be rejected and state that they did answer ready to proceed to trial on March 22, 1989, the date on which the original indictment was dismissed. Furthermore the People allege, with two examples, that many of the adjournments pertinent to the original indictment are excludable under a traditional speedy trial analysis. The People’s position, however, places nothing on the record to refute the defendant’s compelling argument that each and every day from October 8, 1988 until April 17, 1989 is chargeable to the People.
Were the need to replace the original indictment premised on a judicial determination that there was insufficient evidence before the Grand Jury (see, e.g., People v Buckmon, 109 AD2d 846 [2d Dept 1985]), or on a facial deficiency in the indictment (see, People v Ford, 122 Misc 2d 407 [Sup Ct, NY County 1983]), or on a prosecutor’s desire to supersede so as to add another charge (see, People v Cruz, 111 AD2d 725 [1st Dept 1985], modfg 123 Misc 2d 316 [Sup Ct, NY County 1984]), this court would be more receptive to the People’s traditional statutory speedy trial analysis. In the instant case, however, the indictment initially filed with the court was fatally flawed from the outset. The only party in a position to know of the flaw was the prosecution.
As set forth in this court’s decision of March 22, 1989, the Grand Jury minutes presented to the court for inspection *383 reveal that the People completed their evidentiary presentation, charged the Grand Jury and a true bill was voted on October 12, 1988 with respect to the rape, sodomy, sexual abuse, and robbery charges. Subsequently, on November 3, 1988, the People returned to the Grand Jury and asked the Grand Jury to reopen the case. The People then charged the Grand Jury on three additional counts: use of a child in a sexual performance, promoting the sexual performance of a child, and endangering the welfare of a child. A true bill was thereupon voted as to these charges. Indictment number 9373/88 containing all seven charges was subsequently filed.
It is by now firmly established that once the Grand Jury votes, the People may not supplement their original presentation without prior court approval. (E.g., People v Cade, 140 AD2d 99, supra; People v Wilkins, 68 NY2d 269; People v LeGrand, 142 Misc 2d 151 [Sup Ct, Kings County 1988]; People v Esposito, 142 Misc 2d 288 [Sup Ct, NY County 1989]; People v Mullen, NYLJ, Feb. 22, 1989, at 24, col 3 [Sup Ct, Bronx County 1989]; People v Woods, NYLJ, Feb. 22, 1989, at 22, col 5 [Sup Ct, NY County 1989].)
Once the People have fully presented their evidence to a Grand Jury and that jury performs its duties in accordance with CPL 190.60, a prosecutor’s reopening of the case prior to the filing of an indictment is tantamount to a dismissal under Wilkins (68 NY2d 269, supra; People v Cade, supra, 140 AD2d, at 100). Thereafter, the case may be resubmitted to the same or another Grand Jury only with court authorization (supra; see also, CPL 190.75 [3]). In the absence of prior court approval, any indictment voted by the succeeding Grand Jury "is absolutely void, as a second grand jury would be acting without jurisdiction.” (People ex rel. Flinn v Barr, 259 NY 104, 108 [1982], relied upon by People v Wilkins, 68 NY2d 269, supra; People v LeGrand, supra, 142 Misc 2d, at 153 ["Any such submission is a nullity since the Grand Jury no longer had jurisdiction over the matter and therefore, the indictment is fatally defective”], cited with approval by People v Mullen, NYLJ, Feb. 22, 1989, at 24, col 4, supra; People v Bell, NYLJ, Jan. 24, 1989, at 27, cols 1, 2 [Sup Ct, Kings County] ["Since the Grand Jury did not have the requisite jurisdiction to consider the matter anew, any indictment emanating * * * must be dismissed”]; People v Coward, NYLJ, Mar. 8, 1989, at 26, cols 5, 6 [Sup Ct, Kings County] ["This second submission is a nullity since the Grand Jury no longer had jurisdiction over the matter”]; People v Hamilton, 142 Misc 2d 554, 558 *384 [1989] ["However, the fact that no indictment had yet been filed at the time of the prosecutor’s resubmission rendered any subsequent Grand Jury proceedings null and void since the Grand Jury had been divested of its jurisdiction over the defendants by its failure to act on its original vote”].) Insofar as the People supplemented their original presentation without prior court authority, the Grand Jury acted without jurisdiction and the ensuing indictment is absolutely void.
Having filed a jurisdictionally defective indictment, the People could never have been able to proceed to trial under the original indictment. In this regard, the case at bar is on par with People v Gelfand (131 Misc 2d 268 [Sup Ct, Kings County 1986]; but see, People v Beyah, 143 Misc 2d 14 [Sup Ct, Kings County 1989]).[2] In Gelfand, fewer than 12 jurors concurred in the findings of the initial indictment. As such, the flawed indictment was found to be void ab initio (supra, at 271). After concluding that only the People had grounds to know of its flaw, the Gelfand court declined to exclude adjournments generally excluded under CPL 30.30, i.e., pretrial motions (supra, at 268). The Gelfand court held that the CPL 30.30 time chargeable to the People ran uninterrupted from the filing of the initial defective indictment until the filing of the second indictment (supra, at 278). Insofar as the People’s first statement of readiness was not made until after the filing of the second indictment, a period exceeding six months from the commencement of the action, the court in Gelfand dismissed the indictment.
For an analogous situation involving misdemeanors see People v Whetson (135 Misc 2d 1 [Crim Ct, NY County 1987]).
Similarly, in this case, the People must be charged with the knowledge of the invalid Grand Jury proceedings. Only the People have knowledge of what occurred before the Grand Jury. The defendant would have no way of even suspecting based on the face of the indictment that there was a jurisdictional impediment. As a result, the People must be charged for all adjournments from the filing of the initial accusatory instrument until the defendant’s arraignment on a jurisdictionally sound indictment, from October 8, 1988 through April *385 17, 1989. That time well exceeding the statutory allotted maximum of 182 days, the indictment must be dismissed.
In light of the court’s decision regarding the defendant’s motion to dismiss, his remaining applications have not been considered.

. People v Cade, 140 AD2d 99 (2d Dept 1988), adhered to on reargument 145 AD2d 565 (2d Dept 1988) relying on People v Wilkins, 68 NY2d 269 (1986), lv granted 73 NY2d 975 (Mar. 7,1989) by Wachtler, Ch. J.

. The Beyah court analyzes People v Gelfand (131 Misc 2d 268) and People v Whetson (135 Misc 2d 1) and does not find their rationale to be unfounded. Yet, without a cogent basis declines to follow their reasoning.