OPINION OF THE COURT
Felice K. Shea, J.
Defendant John Esposito’s motion for an order dismissing the indictment against him on the ground that he has been *1086 denied his right to a speedy trial under CPL 30.30[1] presents the question whether dismissal of a prior indictment under People v Cade (140 AD2d 99, adhered to on rearg 145 AD2d 565, lv granted 73 NY2d 975) bars the prosecution from claiming time otherwise excludable under CPL 30.30 (4) (a).
The Grand Jury which originally heard evidence in this case voted a true bill on June 22, 1988. Before filing the indictment, the prosecutor realized his instructions on the law had been incomplete and he asked the Grand Jury to rescind its vote to receive further legal instructions. On July 7, 1988, after reinstruction, the Grand Jury voted again to return a true bill. On July 14, 1988 defendant was arraigned on indictment No. S.P.O.N.-280/88.
On July 30, 1988 defendant served a demand for discovery to which the People responded on August 18, 1988. On September 19, 1988 defendant served an omnibus motion seeking, inter alia, dismissal of the indictment. The People were required to respond by October 10, 1988, but defendant consented to a prosecution request for additional time. On October 26, 1988 the People served an answer in opposition to the motion to dismiss and on November 23, 1988 defendant served papers in reply.
The People state that on October 11, 1988 they became aware that the indictment might be defective under the holding of People v Cade (supra). On October 31, 1988 the People announced in court their readiness for trial.[2] On November 3, 1988, the prosecution brought the Cade problem to the court’s attention in an ex parte application requesting permission to re-present. In an order dated December 7, 1988 the court denied the application "without prejudice to being brought again by motion on notice to the defendant or, if they are so advised, in the form of a further response to the defendant’s pending motion to dismiss the indictment acknowledging the possible defect in the indictment”. The prosecution informed defendant in a letter dated December 13, 1988 of the true bill initially voted by the Grand Jury, the reinstruction on the law by the prosecution and the second vote by the Grand Jury.
*1087 In an order dated January 10, 1989 this court dismissed indictment No. S.P.O.N.-280/88 on the authority of Cade (supra) and granted the prosecution leave to re-present (People v Esposito, 142 Misc 2d 288). The prosecution re-presented the matter to another Grand Jury, the Grand Jury voted to indict, and on February 6, 1989, the date of defendant’s arraignment on indictment No. S.P.O.N.-291/89, the People once more announced readiness for trial.
For the purpose of computing the six-month time period within which the People must be ready for trial (CPL 30.30 [1] [a]), an indictment which replaces an earlier one relates back to the original accusatory instrument. (People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351.) Since defendant was arraigned on the first indictment on July 14, 1988, the People were required to be ready by January 14, 1989. Defendant contends that the original indictment was jurisdictionally defective and that the People’s announcement of readiness as to that indictment must therefore be considered a nullity. Defendant maintains that the time consumed by motion practice under the first indictment, otherwise excludable under CPL 30.30 (4) (a) in applying the six-month readiness rule, may not be excluded when an indictment is jurisdictionally defective from its inception. If defendant is correct, the present indictment violates CPL 30.30 (1) (a) since more than six months elapsed between defendant’s arraignment on the original indictment and the People’s announcement of readiness on the second indictment.
A number of trial courts have considered the question of whether a Cade dismissal is jurisdictional and all delay under the dismissed indictment chargeable to the People on the theory that the People could not be ready on a jurisdictionally defective indictment. The better view is that a Cade dismissal does not deprive the prosecution of otherwise excludable time for purposes of computing the six-month readiness limitation of CPL 30.30 (1) (a). (See, e.g., People v Del Toro, 144 Misc 2d 386; People v Beyah, 143 Misc 2d 14; People v Drayton, NYLJ, May 23, 1989, at 25, col 1 [Sup Ct, Bronx County]; People v Beckford, NYLJ, Apr. 10, 1989, at 28, col 3 [Sup Ct, Kings County] [dictum]; People v Mitchell, NYLJ, Apr. 6, 1989, at 30, col 6 [Sup Ct, Kings County] [dictum]; cf., People v Chirico, 144 Misc 2d 380.)
The People’s unauthorized resubmission to the Grand Jury in this case, as in Cade (140 AD2d 99, supra) impaired the *1088 integrity of the proceedings but did not result in a failure of subject matter jurisdiction. (See, analysis in People v Del Toro, supra; see also, People v Wilkins, 68 NY2d 269.)[3] Even were the original indictment to be considered jurisdictionally defective, the period between the filing of the first and second indictment need not automatically be chargeable to the People. (See, People v Bantum, 133 AD2d 699, lv denied 70 NY2d 929 [first indictment defective for lack of personal jurisdiction according to unreported memorandum decision, indictment No. 724/84, Sup Ct, Queens County, Di Tucci, J., Sept. 28, 1984].)
In People v Chirico (supra, at 384) the court stressed that the unauthorized resubmission was a nullity since the People "could never have been able to proceed to trial under the original indictment”. However, the inability of a dismissed indictment to sustain a conviction is characteristic of indictments unsupported by sufficient evidence or flawed by inadequate legal instruction. In essence, the Chirico court departed from the usual speedy trial analysis because "[t]he only party in á position to know of the flaw was the prosecution” (supra, at 382). Again, the fact that a defendant may be unaware of a defect in the Grand Jury presentation is not unique to the Cade situation. Chirico relies on People v Gelfand (131 Misc 2d 268) where fewer than 12 grand jurors voted the initial indictment. However, the Gelfand court found that the prosecution had acted in bad faith and should not be permitted to benefit from its misconduct.
Here, there is no evidence that the prosecutor reinstructed the Grand Jury to gain an advantage. If the prosecutor had not recognized the inadequacy of his original charge, the indictment as first voted would have been filed. Upon consideration of the defendant’s omnibus motion to dismiss, the court presumably would have detected the omissions in the instruc *1089 tions and dismissed the indictment with leave to re-present without penalty. The prosecutor’s good-faith effort to correct his error should not give rise to results appropriate only to egregious impropriety.
It would also be anomalous to permit the length of time during which a court is considering a pretrial motion or the number of motions a defendant makes to be dispositive in determining a CPL 30.30 motion. The rule defendant advocates would treat a Cade dismissal as triggering an arbitrary six-month cutoff period beyond which a second indictment could not be returned and the People could not timely announce readiness. It would distort CPL 30.30 to apply CPL 30.30 (1) (a) without giving effect to the exclusions under CPL 30.30 (4) and such a reading is not needed to further the purposes of the statute as a prosecution readiness rule. (See, People v Sinistaj, 67 NY2d 236, 240.)
Defendant contends that the prosecutor could have sought a new indictment without waiting for defense motions to be determined and thus the time during which defendant’s omnibus motion was under court review is not excludable. However, during the time that defendant’s motion to dismiss the first indictment was under consideration, the People had no reason to re-present. While the prosecution believed the indictment might be invalid under Cade (140 AD2d 99, supra), a recent Second Department case, the law was less than clear, particularly in the First Department. Even more critical, without permission of the court, granted in its order of January 10, 1989, the People could not have secured a valid second indictment. The People concede that the period from January 10, 1989 until February 6, 1989 when they announced readiness on the second indictment is chargeable to them.
The court concludes that dismissal of an indictment for a Cade violation does not require the People to be charged with otherwise excludable delay. Excluding the time taken up by motion practice, the People are chargeable with a total of 91 days, as follows: the time between July 14, 1988 through July 30, 1988, August 18, 1988 through September 19, 1988, October 10, 1988 through October 26, 1988 and January 10, 1989 through February 6, 1989. As the People were ready for trial within six months, when credited with excludable time, defendant’s motion to dismiss indictment No. S.P.O.N.-291/89 pursuant to CPL 30.30 is denied.

. Defendant also claims that speedy trial rights guaranteed by NY Constitution, article I, § 6 and the Fifth and Fourteenth Amendments of the US Constitution were violated. This claim was not argued in defendant’s moving papers and, in any case, is unsupported by the record.

. The People do not claim any excludable time based on their October 31, 1988 statement of readiness.

. In People v Wilkins (68 NY2d 269) upon which the Cade decision (140 AD2d 99) is based, the Court of Appeals dismissed an unauthorized Grand Jury presentation as a nullity 10 years after it had been filed, but granted leave to the District Attorney to apply for an order permitting resubmission. Prior to Wilkins, the Court of Appeals had considered the interplay between CPL 30.30 (1) (a) and indictments which replace earlier ones. (See, e.g., People v Sinistaj, 67 NY2d 236; People v Osgood, 52 NY2d 37; People v Lomax, 50 NY2d 351.) If the Wilkins defect were jurisdictional and a new indictment subject to almost certain dismissal under CPL 30.30, it would have been pointless for the Court of Appeals to have granted the prosecution leave to apply for an order permitting resubmission to a new Grand Jury 10 years after the filing of the original defective indictment.