■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY VARLACK, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered January 3, 1990, convicting defendant, after a jury trial, of burglary in the second degree, and attempted burglary in the second degree, and sentencing him, as a predicate felon, to concurrent, indeterminate terms of imprisonment of from 4 to 8 years and 3 to 6 years respectively, unanimously modified, on the law, the conviction of burglary in the second degree and the 4 to 8 years sentence imposed thereon is reversed, and remanded for a new trial, and otherwise affirmed.

At 9:00 P.M. on November 29, 1988, Dorrells Gordon heard banging noises on the ceiling hatch of her kitchen closet, which led to the roof of her building located at 275 Lenox Avenue in Manhattan. When a flashlight was shone on the closet ceiling, the hatch stopped shaking, and defendant was immediately seen climbing down Ms. Gordon's fire escape, and ultimately entering the basement of an adjoining building at 100 West 124th Street, where he was apprehended by the police. He explained to the police that he had gone into the "abandoned building to get some parts and things to sell."

An indictment filed December 2, 1988 was dismissed because, without first obtaining court permission, the prosecutor had withdrawn the case from the grand jury after it had voted an indictment, in order to submit additional evidence and charges. In granting the motion, the court followed the holding of a Second Department case *(People v Cade,* 140 AD2d 99), which was later to be overturned by the Court of Appeals *(People v Cade,* 74 NY2d 410). A second indictment filed March 22, 1989 was dismissed when it was discovered that the arresting officer had testified erroneously in the grand jury that the defendant had been arrested in the Lenox Avenue building *(see, People v Pelchat,* 62 NY2d 97). On June 22, 1989, a third indictment was filed, charging attempted burglary of Ms. Gordon's apartment in the Lenox Avenue building, and burglary in the 100 West 124th Street building. On July 6, 1989, the People announced that they were ready to go to trial.

Defendant's first claim is that his motion to dismiss the third indictment should have been granted because the People were not ready to try the case within six months of December 1, 1988, when he was first arraigned on the felony complaint (CPL 30.30 [1] [a]). Contrary to the defendant's argument, any periods that were excludable from the six month period in relation to the first two indictments, were also excludable in

relation to the third *(People v Sinistaj,* 67 NY2d 236). In *People v Pelchat (supra)* and *People v Wilkins* (68 NY2d 269), the Court of Appeals dismissed defective indictments with leave to the People to seek resubmission to another grand jury, after more than six months had elapsed from the commencement of the criminal actions. This would have made no sense if the People were chargeable with all delays attributable to the filing of a defective indictment, and we accordingly reject defendant's contention that the People are per se chargeable with all such delays *(see, People v Esposito,* 144 Misc 2d 1085). We find at least 35 days excludable, including periods that the defendant was the subject of bench warrants, time taken by the court to consider defense motions to dismiss the indictments and an omnibus motion, and an adjournment to permit counsel time to visit the crime scene (CPL 30.30 [4]). Accordingly, defendant's motion to dismiss the third indictment on speedy trial grounds was correctly denied.

We find merit, however, to defendant's claim that the court should have charged criminal trespass in the second degree as an alternative to burglary with reference to his entry into the basement of 100 West 124th Street. Despite defendant's alleged "confession" that he had entered the building "to get some parts and things to sell", the jury could reasonably have found that the defendant made this statement in an effort to divert attention from his attempt to burgle Ms. Gordon's Lenox Avenue apartment, and that he only entered the basement of the adjoining building to escape from the police when his attempted entry of Ms. Gordon's apartment was discovered and interrupted *(People v India,* 67 AD2d 488, 493; *People v Csikortas,* 106 AD2d 578).

We have considered the defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Kassal and Rubin, JJ.