■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES RESPRESS, Appellant. [600 NYS2d 535] —Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: A felony complaint was filed against defendant on December 8, 1990. Pursuant to CPL 30.30 (1) (a), the People had six months from the filing of the felony complaint in which to be ready for trial *(see, People v Sinistaj,* 67 NY2d 236, 239; *People v Osgood,* 52 NY2d 37, 43). Because the six-month period is measured by calendar months *(see, People v Cortes,* 80 NY2d 201, 207, n 3), the People had a maximum of 182 days in which to be ready *(see,* General Construction Law §§ 20, 30). On June 6, 1991, 180 days after the prosecution had commenced, defendant was indicted and the People announced readiness for trial. Defendant was arraigned thereafter. In the absence of a reasonable excuse for the delay, that entire period of time is chargeable to the People *(see generally, People v Cortes, supra,* at 213).

Because of a defect in the evidence presented to the Grand Jury, the indictment was dismissed on January 6, 1992 and a new indictment was filed on January 7, 1992. Although the

People's announcement of readiness on the first indictment may have satisfied CPL 30.30 with respect to the subsequent indictment *(see, People v Marsh,* 127 AD2d 945, 947, *lv denied* 70 NY2d 650; *see also, People v Jones,* 185 AD2d 655, 656, *lv denied* 81 NY2d 888), they were, nevertheless, required to declare their readiness for trial after the filing of the second indictment.

"While the People are generally not required to declare their readiness repeatedly throughout the pendency of a criminal action, the dismissal of an indictment and the filing of a new one represents such a substantial break in the proceeding that a new communication of readiness is needed to eliminate guesswork and post hoc rationalizations *(see, People v Kendzia,* 64 NY2d 331; *People v Brothers,* 50 NY2d 413 * * *; *People v Hamilton,* 46 NY2d 932). Without a new declaration of readiness, the trial court and the defense would be left to speculate about the People's state of preparedness on the new indictment" *(People v Cortes, supra,* at 214-215). The People's announcement of readiness six months earlier did not lessen their obligation to remain ready in fact *(see, People v Marsh, supra,* at 947). The court record does not reflect a new announcement of readiness until January 10, 1992, when defendant was arraigned on the second indictment. Those three days must be charged to the People. Thus, 183 days of delay are attributable to the People, subjecting the indictment to dismissal for their failure to satisfy the requirements of CPL 30.30 (1) (a).

Defendant's constitutional right to a speedy trial *(see,* CPL 30.20) was also denied. More than 16 months elapsed from the filing of the felony complaint on December 8, 1990 to the time of trial on April 22, 1992, and defendant was incarcerated throughout that entire period. Although some of the delay may have been attributable to pretrial disclosure, much of it was caused by the People's failure to provide requested discovery materials, and there was an excessive and unexplained delay of six months before the first indictment. The charges against defendant were uncomplicated and the proof consisted only of the testimony of the arresting officers and the ballistics report. The central issue at trial was not whether defendant had possessed the firearm, but whether the jury would credit his defense. To determine whether a delay is unreasonable, five factors must be balanced: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether defendant remained incarcerated; and (5) whether there is an indication that the defense has been

prejudiced by the delay *(People v Taranovich,* 37 NY2d 442, 445). A balancing of those factors clearly indicates that defendant's constitutional right to a speedy trial was violated. Although defendant does not claim actual prejudice from the delay, under the circumstances none need be shown *(see, People v Singer,* 44 NY2d 241, 253-254; *People v Staley,* 41 NY2d 789, 791).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Criminal Possession Weapon, 3rd Degree.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.