OPINION OF THE COURT
Harold B. Beeler, J.
Defendant moves this court to reconsider the decision and order of another Justice of the State Supreme Court, now retired from the Bench, denying "without prejudice to renew” his motion to dismiss the indictment herein on the grounds he was denied his statutory right to a speedy trial (CPL 30.30). Upon reconsideration of the governing case law, the court vacates the earlier order and dismisses the indictment.
In People v Sinistaj (67 NY2d 236 [1986]), the Court of Appeals held that the time excludable under CPL 30.30 (4) on a first indictment was likewise excludable on a subsequent or replacement indictment as long as each indictment was directly derived from the same accusatory instrument.
Resolution of the instant CPL 30.30 motion requires the court to determine whether the holding in Sinistaj (supra) applies, where, as here, the charges in the earlier and later indictments, while contained together in the same original accusatory instrument, arise out of separate and distinct criminal transactions. For the reasons that follow, the court declines to extend the "relation-back” rule of Sinistaj to these factual circumstances.
The facts and procedural history of this case are not in dispute. On December 10, 1992, near the intersection of Elizabeth and Broome Streets in New York County, a robbery occurred during which an individual grabbed a necklace from a Kit Ming Kwan after a brief struggle. Thereafter, at the 5th Police Precinct, Ms. Kwan identified defendant from photographs as the perpetrator. On January 20, 1993, defendant was arrested for the robbery when he kept his regularly scheduled appointment with his parole officer. At the time, defendant was also carrying seven glossines of heroin, which he allegedly admitted to his parole officer that he was intending to sell.
On January 21, 1993, the defendant was arraigned in Criminal Court on a felony complaint charging the crimes of robbery in the second degree and criminal possession of a controlled substance in the third degree.
On January 26, 1993, the Grand Jury indicted the defen *337 dont (indictment No. 621/93) for the crimes of robbery in the second degree and grand larceny in the fourth degree, after the District Attorney, for no apparent reason, chose to submit to the Grand Jury only evidence with respect to the theft of property from Ms. Kwan and none with respect to the later narcotics possession.
In fact, no further action was taken with respect to the drug charge until October 5, 1993 when the District Attorney, apparently realizing that the robbery indictment might never be successfully prosecuted because of witness unavailability, chose to resurrect the earlier drug charge by submitting evidence with respect thereto to a new Grand Jury which then voted the instant indictment (indictment No. 621A), charging criminal possession of a controlled substance in the third degree.
On November 1, 1993, defendant was arraigned on this new indictment and immediately filed a motion to dismiss pursuant to CPL 30.30 alleging that more that nine months had elapsed from the filing of the original felony complaint without the People ever asserting their readiness for trial.
On December 14, 1993, Justice Rose Rubin denied defendant’s CPL 30.30 motion, without prejudice to renew, holding that the Court of Appeals reasoning in People v Sinistaj (supra) applied equally to the "additional” indictment filed herein as it did to the "superseding” or "replacement” indictments under consideration in Sinistaj.
On this motion to reconsider, this court* is called upon to review the correctness of Justice Rubin’s ruling concerning the scope of the Sinistaj case (supra).
CPL 30.30 (1) (a) provides that an indictment must be dismissed "where the people are not ready for trial within * * * six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony.” It is well settled that a criminal action commences upon the filing of the first accusatory instrument notwithstanding the fact that this instrument may be replaced or superseded by a subsequent indictment during the course of the action (People v Lomax, 50 NY2d 351 [1980]; People v Osgood, 52 NY2d 37 [1980]). Therefore, both the robbery and drug possession charges are deemed to have *338 commenced on January 21, 1993, when the felony complaint was filed.
Although the People have incurred substantial CPL 30.30 time on the robbery indictment, both parties concede that as of the time of the motion to dismiss, six months of includable time had not elapsed. Both parties also concur that if the time excludable on the robbery indictment is not excludable on the subsequent drug indictment, the latter was time barred when voted.
The People argue again that the rule adopted by the Court of Appeals in People v Sinistaj (supra) governs this case. The defendant also cites Sinistaj, but reads the case to concern only "replacement” indictments, not an indictment for "different” and "new” charges involving distinct criminal transactions.
In Sinistaj (supra) itself, the defendant was originally charged with criminal possession of a weapon in the third degree in violation of Penal Law § 265.02 (4) which makes it a felony for a person to possess a loaded firearm not in his house or place of business. Sometime after obtaining the first indictment, the People, realizing that they had made a mistake concerning their theory of prosecution in that the firearm had in fact been possessed by the defendant in his business office, secured a "replacement” indictment charging the defendant with a violation of Penal Law § 265.02 (1). The Court of Appeals noted that while the replacement indictment contained an additional element not included in the original indictment, e.g., the defendant had previously been convicted of a felony, it did charge the defendant with "a crime under the same Penal Law section, based on the same criminal transaction and involving the possession of the same weapon” (People v Sinistaj, supra, at 238 [emphasis added]).
The Court of Appeals, in reversing the decision of the Appellate Division which had affirmed the dismissal on CPL 30.30 grounds of the replacement indictment, concluded that there was "no logical reason why, when a subsequent indictment is related back to the commencement of the proceeding for purposes of applying the six-month limitation prescribed by CPL 30.30 (1) (a), it should not also be related back for the purpose of computing the time to be excluded from that limitation” (People v Sinistaj, supra, at 239).
This court finds that the Sinistaj rule that time excludable on the first indictment is also excludable on any replacement *339 indictment applies only when there is continuity between the crimes charged in the subsequent indictment and those charged in the original indictment and cannot be applied to the indictments herein which involve two entirely distinct criminal transactions.
In no sense can the drug indictment be regarded as succeeding or replacing the earlier robbery indictment. It did not come into being as a result of some irregularity or defect in the Grand Jury which voted the robbery or because of some change in the People’s theory of prosecution. The drug indictment involves a criminal incident entirely independent of and unrelated to the robbery. In fact, the only connection between the crimes contained in the two indictments is the arrest itself and the fact that the charges therein were originally placed together in the same felony complaint.
In this regard, the court also agrees with Justice Rubin’s prior decision denying the People’s motion to consolidate the two indictments pursuant to CPL 200.20 (2) (b). As stated therein, neither crime is admissible nor necessary upon the trial of the other. To the contrary, such proof would be prejudicial to a fair trial. Additionally, the robbery offense and the drug offense were based upon different acts and different criminal transactions (People v Communiello, 180 AD2d 809 [2d Dept 1992, Rubin, J.]).
Certainly, the People could have proceeded with the drug possession charge, notwithstanding the status of the robbery case and, none of the delay concerning the robbery indictment which is attributable to the defendant, e.g., delay occasioned by defense motions, has any direct application to the drug charge which involves different witnesses and different evidence (see, People v Sinistaj, supra, at 243 [Alexander, J., dissenting]).
For the same reason, any prior assertions of readiness by the People on the robbery charge are ineffective as to the subsequently indicted drug charge inasmuch as they cannot amount to a bona fide statement of present readiness (People v Kendzia, 64 NY2d 331 [1985]; see, People v Armstrong, 154 Misc 2d 834, 841-842 [1992]; People v Cruz, 111 AD2d 725 [1st Dept 1985], lv denied 66 NY2d 614, 67 NY2d 650; People v Johnson, 112 AD2d 1 [4th Dept 1985]).
Therefore, should this court now apply the "relation-back” rule of Sinistaj (supra) to exclude on the drug indictment all time excludable on the robbery indictment, it would, in effect, *340 permit "joinder” of the two indictments for speedy trial purposes while disallowing such joinder for the trial of the underlying charges. The court declines to read Sinistaj to produce this incongruous result.
Explicit support for the court’s conclusion is found in People v Rodriguez (150 AD2d 265 [1st Dept 1989]).
In Rodriguez (supra), the defendant was charged in a felony complaint with attempted murder, robbery and assault in connection with a shooting in a lobby on the FDR Drive. Police officers, hearing shots, responded to the scene, observed the victim and then chased the defendant, arresting him in a nearby housing project. Defendant was thereafter indicted, not for the attempted murder, assault and robbery which occurred in the lobby, but solely for criminal possession of a weapon in the second and third degrees based upon the police officer’s testimony that he had pointed a loaded revolver at him at the time of his apprehension.
The trial on these charges terminated in a hung jury. Following the declaration of a mistrial, the People filed a superseding indictment which charged the defendant with the weapons counts originally charged and the attempted murder and robbery, not previously indicted. Upon retrial, the defendant was convicted of an attempted assault and criminal possession of a weapon.
The First Department reversed defendant’s convictions holding that the People were limited to retrying the defendant on the charges included in the first indictment. The court reasoned that the "continuity” between the original and the superseding indictment as to the original charges did not extend to the additional charges and that, therefore, the added charges were barred by the speedy trial provisions of CPL 30.30 (see also, People v Cruz, supra).
Accordingly, there being insufficient continuity between the robbery charge in indictment No. 621/93 and the drug charge of indictment No. 621A to permit the People to claim the excludable adjournments under the first indictment in calculating the chargeable time under the second indictment, this court dismisses indictment No. 621A pursuant to CPL 30.30.

 Justice Rubin retired from the Bench as of December 31, 1993 and as of January 1, 1994, this court was assigned all matters pending before her at the time of her retirement.