■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v XAVIER GUTTER, Respondent. [636 NYS2d 19] —Order, Supreme Court, Bronx County (Alexander W. Hunter, J.), entered November 21, 1994, which granted defendant's motion to dismiss the indictment pursuant to CPL 30.30, unanimously reversed, on the law, the motion denied and the indictment reinstated.

In deciding defendant's speedy trial motion, the motion court charged two significant blocks of time, 79 and 77 days, respectively, to the People as a result of two separate adjournments requested by defendant, a member of the United States Navy, to accommodate his military obligations. In each instance, the People stated their readiness for trial. At the time of the second adjournment, defendant indicated that the People had informed him that they might re-present the case to the Grand Jury, in which event he wanted to be afforded the opportunity to testify. The court suggested an adjourned date 49 days hence. Defendant requested an adjournment of an additional 28 days so that he might participate in Navy maneuvers. Defendant was, on the next adjourned date, arraigned on a superseding indictment, made necessary by the People's failure to introduce the ballistics report at the initial presentation. At that time the case was again adjourned, this time for 57 days for the filing of motions by defendant. The motion court charged all 249 days, including the 36-day period, as conceded, from arraignment on the felony complaint to the first statement of readiness, to the People. The court reasoned, as to the 79- and 77-day periods that "since the People filed a jurisdictionally defective indictment, they could never have been able to proceed to trial" thereunder and, thus, the People's statements of readiness were "not bona fide" and defendant's requests were "unjustifiably induced" because "defendant could not have known that his indictment was a nullity." The court charged the People with the final 57-day adjourned period after defendant's arraignment on the superseding indictment because the People had not re-stated their readiness. The court's reasoning as to each of these periods of time was fatally flawed. We find, on review, that the People are responsible for no more than 36 days, as conceded. Accordingly, the order is reversed, the motion denied, the indictment reinstated and the matter remanded for further proceedings.

The 79- and 77-day periods are excludable for two reasons: the People had announced their readiness to proceed to trial

and, further, defendant expressly requested both time extensions (see, CPL 30.30 [4] [b]). There is no merit to the motion court's conclusion that the People's statements of readiness were "not bona fide" and that defendant's requests to adjourn were "unjustifiably induced." The failure to introduce the ballistics report, which had been completed but not yet received at the time of the original Grand Jury presentation, did not render the People's statement of readiness illusory. The absence of ballistics evidence was an evidentiary defect which could be "readily cured" (People v Grant, 194 AD2d 348, 351, lv denied 82 NY2d 754) by resubmission of the charges upon leave of the court (see, CPL 210.20 [4]) or without court intervention by a superseding indictment (see, CPL 200.80). In any event, evidence before a Grand Jury is presumptively legally sufficient; it is the defendant's burden to prove otherwise. (See, People v Waterman, 9 NY2d 561, 565; CPL 210.20 [1].) A defendant may waive a legal insufficiency claim with respect to an indictment by pleading guilty (see, People v Kazmarick, 52 NY2d 322, 326) or by failing to raise the issue in timely fashion (see, People ex rel. Manning v Scully, 192 AD2d 688, lv denied 83 NY2d 753). Even if the issue is raised and erroneously decided, any evidentiary insufficiency before the Grand Jury is cured by a subsequent conviction supported by legally sufficient trial evidence. (See, People v Perez, 165 AD2d 658, 659, lv denied 76 NY2d 989; People v Grant, 194 AD2d 348, 349-351, supra; CPL 210.30 [6].) Nor is a statement of readiness retroactively nullified or already excluded time rendered includable when an indictment as to which the statement is made is subsequently dismissed for insufficiency of the Grand Jury evidence. (See, People v Respress, 195 AD2d 1053, 1053-1054; People v Jones, 185 AD2d 655, 656, lv denied 81 NY2d 888; People v Traficante, 143 AD2d 443, 445.) Neither the People's intention to file a superseding indictment nor their filing of such an indictment signifies a lack of readiness to proceed on the original indictment because, as noted in People v Cruz (111 AD2d 725, 726, lv denied 66 NY2d 614, 67 NY2d 650), the People were "technically positioned" to go to trial. Finally, the periods of time excludable with respect to the original indictment are also excludable in relation to the superseding indictment. (People v Sinistaj, 67 NY2d 236; People v Varlack, 181 AD2d 420, lv denied 80 NY2d 839.)

The final period of adjournment, 57 days, not even argued by defendant to be chargeable to the People, should have been excluded since it was occasioned by defendant's request to file motions. Such delays are excluded from speedy trial calculations. (CPL 30.30 [4] [a].)

The case is remanded for further proceedings; only 36 days are charged to the People. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.