■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL TERRY, Respondent. [639 NYS2d 3]

On May 12, 1992 defendant was arraigned on a felony complaint. Thereafter, on June 30, 1992 Indictment No. 4847/92 was filed and charged the defendant with criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree and resisting arrest. Indictment No. 4847/92 was dismissed on October 21, 1992 due to the fact that a ballistics test had not been conducted upon the bullet recovered along with the weapon in question. The People represented that they would re-present the case to the Grand Jury, and a superseding Indictment No. 8122/92 was filed on November 13, 1992, and charged the defendant with reckless endangerment in the first and second degrees in addition to the crimes charged under the first indictment.

The trial court erred in concluding that all of the time, from defendant's arrest on May 12, 1992 until the filing of the superseding indictment on November 13, 1992, was chargeable to the People for the purposes of defendant's motion to dismiss the indictment pursuant to CPL 210.20 (1) (g) on CPL 30.30

grounds. There is no merit to the trial court's conclusion that the People could not have proceeded with the case even though they announced "ready" in the absence of ballistics evidence relating to the bullet recovered (*People v Gutter*, 222 AD2d 330). The missing ballistics evidence in question related only to the charge of criminal possession of a weapon in the third degree; the People could have proceeded to trial on the other charges in the indictment. Furthermore, the absence of ballistics evidence was an evidentiary defect readily cured by resubmission of the charges upon leave of the court or without court intervention by a superseding indictment *(supra; see,* CPL 210.20 [4]; 200.80). "In any event, evidence before a Grand Jury is presumptively legally sufficient; it is defendant's burden to prove otherwise" (*People v Gutter, supra,* at 331, citing *People v Waterman*, 9 NY2d 561, 565; CPL 210.20 [1] [b]).

A statement of readiness by the People is not retroactively nullified or already excluded time rendered includable, when an indictment with respect to which the statement is made is subsequently dismissed for insufficiency of the evidence presented to the Grand Jury (*People v Gutter, supra; see, People v Respress*, 195 AD2d 1053, 1053-1054; *People v Jones*, 185 AD2d 655, 656, *lv denied* 81 NY2d 888; *People v Traficante*, 143 AD2d 443, 445). Neither the People's intention to file a superseding indictment nor their filing of same signifies a lack of readiness to proceed on the original indictment since the People were "technically positioned" to go to trial (*People v Gutter, supra,* at 331; *People v Cruz*, 111 AD2d 725, 725-726). The period of time excludable with respect to the charges in the original indictment are therefore also excludable with respect to those charges in the superseding indictment (*People v Sinistaj*, 67 NY2d 236; *People v Varlack*, 181 AD2d 420, *lv denied* 80 NY2d 839; *People v Gutter, supra*).

The record herein clearly demonstrates that the total amount of time chargeable to the People for the purposes of defendant's motion to dismiss the indictment on speedy trial grounds is 137 days and is well within the 184-day limit. We have reviewed the other arguments raised by the defendant and find them to be meritless. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Tom, JJ.