■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY LINEBERGER, Appellant. [798 NYS2d 412]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered January 31, 2002, convicting defendant, after a jury trial, of burglary in the first degree (two counts), assault in the second degree, criminal possession of a weapon in the third degree, unlawful imprisonment in the first degree, and endangering the welfare of a child, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life on each burglary conviction, 12 years to life on the assault conviction, 3 to 6 years on the weapon possession conviction, 2 to 4 years on the unlawful imprisonment conviction and 1 year on the endangering conviction, unanimously affirmed. Order, same court and Justice, entered on or about March 26, 2002, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant's argument that the burglary convictions were based on legally insufficient evidence is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the jury could have reasonably concluded from the evidence that defendant knowingly remained unlawfully in the victim's apartment with the contemporaneous intent to commit a crime (*see People v Gaines,* 74 NY2d 358, 362-363 [1989]).

The remaining convictions were based on legally sufficient evidence. There was extensive evidence from which the jury could conclude that the victim sustained the requisite physical injury (*see People v Guidice,* 83 NY2d 630, 636 [1994]).

Defendant received effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Since defendant has not established that a speedy trial motion would have been meritorious, he has not shown that his attorney was ineffective for failing to make such a motion. The record does not reveal any sig-

nificant amount of includable time. We note that in connection with this argument, defendant raises issues concerning grand jury procedure that are irrelevant to the question of excludability or includability under CPL 30.30 (4). To the extent that defendant is arguing that the entire period in which his allegedly defective initial indictment was pending should be charged to the People, without reference to excludability under the various paragraphs of CPL 30.30 (4), that argument is without merit (*see e.g. People v Terry*, 225 AD2d 306 [1996], *lv denied* 88 NY2d 886 [1996]).

Defendant's sentence, which was the statutory minimum, did not constitute unconstitutional cruel and unusual punishment (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]).

We have considered and rejected defendant's remaining claims. Concur—Mazzarelli, J.P., Friedman, Sullivan, Williams and Gonzalez, JJ.