People v Angulo (2022 NY Slip Op 00136)





People v Angulo


2022 NY Slip Op 00136


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Renwick, J.P., Kapnick, Moulton, Kennedy, Scarpulla, JJ. 


Ind. No. 4370/16 Appeal No. 15011-15012 Case No. 2019-1532, 2019-2064 

[*1]The People of the State of New York, Respondent,
v
Jonathan Angulo, Defendant-Appellant.
The People of the State of New York, Respondent,
v
Joseph Alvarado, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel) and Weil, Gotshal & Manges LLP, New York (Aaron J. Brogan of counsel), for Jonathan Angulo, appellant.
Joseph Alvarado, appellant pro se.
Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for Joseph Alvarado,appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen N. Biben, J. at speedy trial motion; Robert M. Stolz, J. at jury trial and sentencing), rendered January 3, 2019, convicting defendant Joseph Alvarado of assault in the first degree, gang assault in the first degree and two counts of attempted assault in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years, and judgment, same court (Stolz, J.), rendered October 31, 2018, convicting defendant Jonathan Angulo, after a jury trial, of the same charges, and sentencing him to concurrent terms of 12 years, unanimously affirmed.
The court providently exercised its discretion in admitting evidence of defendants' gang activity, which was probative of, among other things, defendants' motives, and was central to the jury's understanding of the incident and the relationships among defendants and the victims, all of which outweighed the potential for undue prejudice (see e.g. People v Hierro, 122 AD3d 420 [1st Dept 2014], lv denied 25 NY3d 1165 [2015]). Moreover, the court minimized any prejudicial effect by instructing the jury immediately after the witness's testimony and again during the jury charge that membership in a gang did not constitute a crime, and that mere membership in a gang was insufficient to establish that someone acted in concert with others. We do not find that this evidence was excessive or inflammatory, and we find unavailing defendants' remaining arguments relating to this issue.
We reject Angulo's challenges to the sufficiency and weight of the evidence supporting his convictions (see People v Danielson, 9 NY3d 342, 348—349 [2007]). The evidence supports the inference that he acted in concert with the other gang members in assaulting the victim. The element of serious physical injury was established by evidence that the victim's injuries were life-threatening, as well as being seriously disfiguring under the standard set forth in People v McKinnon (15 NY3d 311, 315-316 [2010]).
Alvarado did not preserve his claims that his constitutional rights were violated by allegedly inadequate disclosure of, and allegedly precluded cross-examination regarding, a prosecution witness's improper relationship with a juror in a prior trial, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. The facts relating to the witness's conduct relating to the other trial are set forth in this Court's opinion in People v McGregor (179 AD3d 26 [1st Dept 2019], lv denied 34 NY3d 1161 [2020]). During jury selection at the instant trial, defendants were made aware of the prior incident. The court, which had also presided over the other trial, offered the opportunity to review the minutes of the McGregor defendant's CPL 330.30(2) motion to set aside the verdict in the other trial, which set forth the facts relevant to the witness's conduct (see id.). Furthermore, rather than preemptively foreclosing [*2]impeachment of the witness about this matter, the court also offered the opportunity to make applications to cross-examine the witness about the prior incident, to the extent relevant to his credibility. However, Alvarado did not avail himself of either of these opportunities (see People v Graves, 85 NY2d 1024, 1027 [1995]).
The court providently exercised its discretion in permitting a detective to express an opinion that Alvarado was the person depicted on a surveillance video. The testimony "served to aid the jury in making an independent assessment regarding whether the man in the [video] was indeed the defendant" (People v Russell, 79 NY2d 1024, 1025 [1992]), in view of the detective's familiarity with defendant's appearance at the time the video was taken, the marginal quality of the video, and a change in defendant's appearance (see e.g. People v Boyd, 151 AD3d 641, 641 [1st Dept 2017], lv denied 29 NY3d 1124 [2017]).
The court correctly denied Alvarado's speedy trial motion. Notwithstanding an alleged technical defect, the indictment placed him on notice that he was the person charged (see People v Martinez, 52 AD3d 68, 72 [1st Dept 2008], lv denied 11 NY3d 791 [2008]). In any event, the alleged defect would not necessarily have required that any time be charged to the People under CPL 30.30 (see e.g. People v Sinistaj, 67 NY2d 236 [1986]; People v Terry, 225 AD2d 306 [1st Dept 1996], lv denied 88 NY2d 886 [1996]; People v Varlack, 181 AD2d 420 [1st Dept 1992], lv denied 80 NY2d 839 [1992])
We have considered and rejected Alvarado's pro se claims.
We perceive no basis for reducing either defendant's sentence
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022